# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

EDWIN ALLEN,
on behalf of himself and
all others similarly situated,                    Case No. 19-cv-1421

           Plaintiff,          **COLLECTIVE AND CLASS**
    v.                                **ACTION PURSUANT TO**
                          **29 U.S.C. §216(b) AND**
RUSS DARROW GORUP, INC.                           **AND FED. R. CIV. P. 23**
W133 N8569 Executive Parkway
Menomonee Falls, Wisconsin 53051                  **JURY TRIAL DEMANDED**

          Defendant

## COMPLAINT

## PRELIMINARY STATEMENT

1.    This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Edwin Allen, against Defendant, Russ Darrow Group, Inc.

2.    Plaintiff bring these FLSA and WWPCL claims and causes of action against Defendant on behalf of himself and all other similarly-situated current and former non-exempt Business Development Center ("BDC") employees of Defendant for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

3.    Defendant operated (and continues to operate) an unlawful compensation system that deprived current and former hourly-paid, non-exempt BDC employees of their wages earned for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek. Specifically, Defendant's unlawful compensation system: (1) at times, failed to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, shift differentials, incentives, awards, and/or other rewards and payments, in all current and former non-exempt BDC employees' regular rates of pay for overtime calculation purposes; (2) at times, improperly classified all current and former non-exempt BDC employees as "exempt" for compensation purposes, depriving said employees of overtime pay for hours worked in excess of forty (40) in a workweek; and (3) unlawfully deducted previously-earned wages from non-exempt BDC employees' paychecks each workweek without their authorization and consent in writing prior to the deduction.

4.    Defendant's deliberate failure to compensate its non-exempt BDC employees for hours worked and work performed at the proper and legal rate(s) of pay violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.    This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant does business, and has substantial and systematic contacts, in this District.

## PARTIES AND COVERAGE

8. Plaintiff, Edwin Allen, is an adult male resident of the State of Wisconsin with a post office address of 3234 North 29th Street, Milwaukee, Wisconsin 53216.

9. Defendant, Russ Darrow Group, Inc., was, at all material times herein, a Wisconsin entity with a principal address of W133 N8569 Executive Parkway, Menomonee Falls, Wisconsin 53051.

10. Defendant is a car dealership.

11. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant owned, operated, and managed a variety of locations, entities, and car dealerships in the State of Wisconsin, including the specific locations, entities, and car dealerships where all non-exempt BDC employees, including Plaintiff, performed work on behalf of Defendant, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge.

12. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

13. For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

14. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

15. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

16. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

17. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

18. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

19. Plaintiff brings this action on behalf of himself and all other similarly-situated current and former non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff and all other non-exempt BDC employees were subjected to Defendant's same unlawful policies as enumerated herein and performed similar job duties at all of Defendant's locations, entities, and car dealerships in the State of Wisconsin.

20. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former non-exempt BDC employees on whose behalf Plaintiff brings this Complaint performed compensable work on Defendant's behalf, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge.

21.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other non-exempt BDC employees' day-to-day activities.

22.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other non-exempt BDC employees.

23.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other non-exempt BDC employees.

24.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other non-exempt BDC employees' work schedules and provided Plaintiff and all other non-exempt BDC employees with work assignments and hours of work.

25.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other non-exempt BDC employees abided in the workplace.

26.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other non-exempt BDC employees' employment-related questions, benefits-related questions, and workplace issues.

27.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other non-exempt BDC employees for hours worked and/or work performed, including with additional forms of compensation, such as

monetary bonuses, commissions, shift differentials, incentives, and/or other rewards and payments.

## **GENERAL ALLEGATIONS**

28.     In approximately July 2016, Defendant hired Plaintiff as a non-exempt BDC employee.

29.     During Plaintiff's employment with Defendant as a non-exempt BDC employee, he performed compensable work on Defendant's behalf, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge at various locations, entities, and car dealerships owned, operated, and managed by Defendant in the State of Wisconsin, including: Russ Darrow Ford LLC; Russ Darrow Greenfield LLC; and Russ Darrow Dodge LLC.

30.     In approximately June 2019, Plaintiff's employment with Defendant ended.

31.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other non-exempt BDC employees.

32.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other non-exempt BDC employees.

33.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other non-exempt BDC employees for all remuneration earned.

34.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt BDC employees frequently worked in excess of forty (40) hours per workweek.

35. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other non-exempt BDC employees frequently worked in excess of forty (40) hours per workweek.

36. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiff's and all other non-exempt BDC employees' hours worked each workweek.

37. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other non-exempt BDC employees on a bi-weekly basis via paycheck.

38. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

39. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained an Employee Handbook, titled, "Russ Darrow Group Employee Handbook."

40. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's Employee Handbook was given to Plaintiff and all other non-exempt BDC employees.

41. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the employment policies as contained in Defendant's Employee Handbook governed the terms and conditions of Plaintiff's and all other non-exempt BDC employees' employment with Defendant.

42. Defendant's Employee Handbook stated, in part: "All references to Russ Darrow Group or Company includes the following entities: Russ Darrow Direct, Appleton; Russ Darrow Chrysler Dodge Jeep, West Bend; Russ Darrow Toyota, West Bend; Russ Darrow Nissan, West Bend; Russ Darrow Colonial Honda Nissan, Milwaukee; Russ Darrow Metro Mazda, Milwaukee; Russ Darrow Kia, Waukesha; Russ Darrow Chrysler Jeep Kia, Madison; Russ Darrow Mazda, Madison; Russ Darrow Mazda, Greenfield; Russ Darrow Kia Mitsubishi, Wauwatosa; Russ Darrow Chrysler Dodge Jeep, Milwaukee; Russ Darrow Sheboygan; Russ Darrow Leasing, Russ Darrow Fleet, Russ Darrow Corporate Management Company, Menomonee Falls; CNAC, JDByrider, Milwaukee, Waukesha Madison, Appleton, Green Bay; or any other affiliated entities."

43. Defendant's Employee Handbook stated, in part: "We are happy you have chosen to join us, and wish to welcome you to Russ Darrow Group. … This handbook is intended to provide you with a guide to the policies, benefits and rules that are relevant to your employment with Russ Darrow Group. … If you have any questions or concerns that are not covered by this handbook, please refer them to your Department Manager, the General Manager at your dealership or the Human Resources Director at the corporate office."

44. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other non-exempt BDC employees' primary job duty was to communicate with prospective customers as part of Defendant's customer service and/or business development process.

45. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other non-exempt BDC employees' primary job duty was not sales.

46.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other non-exempt BDC employees' job duties did not directly relate to Defendant's management or general business operations.

47.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt BDC employees did not compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after considering various possibilities.

48.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt BDC employees did not have authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

49.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt BDC employees did not manage, run, or operate any department or division of Defendant.

50.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), no other employees of Defendant reported directly to Plaintiff or any other non-exempt BDC employees.

51.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt BDC employees did not have the authority or actual ability to hire, fire, demote, promote, and/or establish the terms and conditions of any other employees' employment at Defendant.

52.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other non-exempt BDC employees' job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

53.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not compensate Plaintiff and all other non-exempt BDC employees with commissions or bonus payments that exceeded at least half of their total earnings in a representative period.

54.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt BDC employees were not highly compensated or highly commissioned employees.

55.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt BDC employees were non-union employee of Defendant.

56.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former non-exempt BDC employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of: (1) failing to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, shift differentials, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime purposes; (2) improperly classifying all current and former non-exempt BDC employees as "exempt" for compensation purposes, depriving said employees of overtime pay for hours worked in excess of forty (40) in a workweek; and (3) deducting previously-earned

wages from non-exempt BDC employees' paychecks each workweek without their authorization and consent in writing prior to the deduction.

57.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant made deductions from Plaintiff's and all other non-exempt BDC employees' previously-earned wages even though Plaintiff and all other non-exempt BDC employees did not authorize the deduction and did not consent to the deductions in writing prior to the deductions.

58.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt BDC employees employed by Defendant were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

59.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other non-exempt BDC employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

60.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's unlawful pay practices as described herein resulted in Plaintiff and all other non-exempt BDC employees being deprived of overtime pay for all hours worked in excess of forty (40) in a workweek.

61.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant was or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiff and all other non-exempt BDC employees at the correct and lawful overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

62.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> **Overtime Pay:** All current and former non-exempt BDC employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's: failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes; and/or improperly classifying said employees as "exempt" for compensation purposes, depriving said employees of overtime pay for hours worked in excess of forty (40) in a workweek.

> **Unlawful Deductions:** All current and former non-exempt BDC employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked as a result of Defendant's deductions from said employees' previously-earned wages without their authorization and consent in writing prior to the deductions.

63.     The FLSA Collective (Overtime Pay) primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

64.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated the FLSA Collective (Overtime Pay) with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses and incentives, commissions,

shift differentials, awards, and/or other rewards and payments – on a bi-weekly, quarterly, and/or annual basis.

65.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary compensation that Defendant provided to the FLSA Collective (Overtime Pay) was non-discretionary in nature: they were made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff and all other current and former hourly-paid, non-exempt employees to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

66.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay practices failed to include all of the aforementioned forms of non-discretionary compensation in the FLSA Collective's (Overtime Pay) regular rates of pay for overtime calculation and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period, thus denying overtime compensation to the FLSA Collective (Overtime Pay) at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

67.     Defendant's deliberate failure to properly compensate the FLSA Collective (Overtime Pay) in such a fashion as described in the aforementioned paragraph violated federal law as set forth in the FLSA.

68.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant made deductions from the FLSA Collective's (Unlawful Deductions) previously-earned wages without their authorization and consent in writing prior to the deductions.

69.     Defendant was or should have been aware that its unlawful practices as described herein deprived the FLSA Collectives of the lawful and appropriate wages and compensation due and owing to them, in violation of the FLSA.

70.     Plaintiff's First and Second FLSA Causes of Action re brought under and maintained as an opt-in Collective Actions Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collectives, and these Causes of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

71.     Plaintiff and the FLSA Collectives are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation and making deductions from previously-earned wages without authorization and consent in writing prior to the deductions. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collectives.

72.     Plaintiff and the FLSA Collectives seek relief on a collective basis challenging, among any other FLSA violations, Defendant's practice of failing to include all forms of non-discretionary compensation in the FLSA Collective's (Overtime Pay) regular rates of pay for overtime compensation and calculation purposes and making deductions from previously-earned wages of the FLSA Collective (Unlawful Deductions) without authorization and consent in writing prior to the deductions.

73.     The FLSA Collectives are readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collectives via first class mail to the last

address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

74. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collectives.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

75. Plaintiff brings this action on behalf of himself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **Overtime Pay:** All current and former non-exempt BDC employees employed by Defendant within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's: failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes; and/or improperly classifying said employees as "exempt" for compensation purposes, depriving said employees of overtime pay for hours worked in excess of forty (40) in a workweek.

> **Unlawful Deductions:** All current and former non-exempt BDC employees employed by Defendant within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked as a result of Defendant's deductions from said employees' previously-earned wages without their authorization and consent in writing prior to the deductions.

76. The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes is also determinable from Defendant's records. For purposes of notice and

other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

77.     The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one-hundred (100) members of the Wisconsin Classes.

78.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. The members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

79.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

80.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual member of the Wisconsin Classes is small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

81.    Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

82.    Defendant has violated the WWPCL regarding payment of wages, overtime wages, and unlawful deductions. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

83.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following: (a) Whether Defendant provided the Wisconsin Class (Overtime Pay) with forms of non-discretionary compensation; (b) Whether Defendant maintained an unlawful compensation system that failed to include these forms of non-discretionary compensation in current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes; (c) Whether Defendant misclassified as "exempt" the Wisconsin Class (Overtime Pay) and, thus, failed to compensate the Wisconsin Class (Overtime Pay) with overtime compensation for hours worked in excess of forty (40) in a workweek; (d) Whether Defendant maintained an unlawful compensation system that made deductions from the previously-earned wages of the Wisconsin Class (Unlawful Deductions); and (e) The nature and extent of class-wide injury and the measure of damages for the injury.

84.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FIRST CLAIM FOR RELIEF
## Violations of the Fair Labor Standards Act of 1938, as Amended
## (Plaintiff on behalf of himself and the FLSA Collective – Overtime Pay)

85.　Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

86.　At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

87.　At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

88.　At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

89.　Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

90.　Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay (at the proper and correct overtime rate of pay) for each hour worked in excess of forty (40) hours each workweek.

91.　The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

92.　Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

93.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

94.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

95.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

96.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938, as Amended
### <u>(Plaintiff on behalf of himself and the FLSA Collective – Unlawful Deductions)</u>

97.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

98.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

99.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

100.    At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

101.    Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

102.    Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour worked in excess of forty (40) hours each workweek.

103.    Defendant violated the FLSA by making deductions from the previously-earned wages of the FLSA Collective without their authorization and consent in writing prior to the deductions.

104.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

105.     Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

106.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

107.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

108.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

109.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## THIRD CLAIM FOR RELIEF
## Violations of Wisconsin's Wage Payment and Collection Laws, as Amended
## (Plaintiff, on behalf of himself and the Wisconsin Class – Overtime Pay)

110.    Plaintiff, on behalf of himself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

111.    At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendant employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

112.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

113.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

114.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

115.    Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

116. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

117. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**FOURTH CLAIM FOR RELIEF**
**Violations of Wisconsin's Wage Payment and Collection Laws, as Amended**
**(Plaintiff, on behalf of himself and the Wisconsin Class – Unlawful Deductions)**

118. Plaintiff, on behalf of himself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

119. At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendant employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

120. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

121.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

122.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

123.    At all times material herein, Wis. Stat. § 103.455 was applicable to Plaintiff's employment with Defendant, which states, in relevant part: "No employer may make any deduction from the wages due or earned by any employee, who is not an independent contractor, for defective or faulty workmanship, lost or stolen property or damage to property, unless the employee authorizes the employer in writing to make that deduction…"

124.    Defendant willfully made deductions from the previously-earned wages of the Wisconsin Class without their authorization and without their consent in writing prior to the deductions.

125.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

126.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former non-exempt BDC employees employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt BDC employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt BDC employees damages in the form of reimbursement for unlawful deductions from previously-earned wages, in violation of the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt BDC employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated non-exempt BDC employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated non-exempt BDC employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 30th day of September, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi* _____ __
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com