UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

EDWIN ALLEN,
on behalf of himself and
all others similarly situated,

    Plaintiff,                                                 Case No.: 19-cv-1421

v.

RUSS DARROW GROUP, INC.,

    Defendant.

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Russ Darrow Group, Inc. ("Russ Darrow," "the Company," or "Defendant"), by and through its attorneys Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby submits this Memorandum in Support of its Motion to Dismiss Plaintiff Edwin Allen's ("Allen" or "Plaintiff"), Complaint. For the reasons set forth herein, Russ Darrow respectfully requests this Court enter an Order: (1) granting its Motion to Dismiss Plaintiff's Complaint; (2) dismissing Plaintiff's Complaint in its entirety, with prejudice; (3) entering judgment in favor of Defendant and against Plaintiff; and (4) granting all other relief this Court deems necessary and proper.

### INTRODUCTION

In what is at least the third lawsuit Plaintiff's counsel has commenced against Russ Darrow within the last year,[1] Plaintiff asserts claims under the Fair Labor Standards Act of 1938, as

---

[1] One of the referenced lawsuits was entitled *Tiffany Underwood v. Russ Darrow Group, Inc., Russ Darrow Greenfield, LLC, and Russ Darrow Dodge, LLC*, Case No. 18-cv-1528. *See*, Footnote No. 3, below. Ms. Underwood's case was pending before the United States District Court for the Eastern District of Wisconsin, and was closed on or around February 20, 2019. Notably, Ms. Underwood alleged to work at the same Russ Darrow location(s) as Plaintiff (*compare* [Declaration of Keith E. Kopplin ("Kopplin Decl.") at ¶ 2, Ex. A at ¶¶ 9, 17, 25], *with* [Dkt. #1 at ¶¶ 9, 11,

amended ("FLSA"), and Wisconsin's Wage Payment and Collection Laws ("WWPCL"). What sets Plaintiff's lawsuit apart at the outset, however, is the fact that Plaintiff filed a bankruptcy petition in April 2019, which was subsequently discharged in July 2019—a significant procedural component Plaintiff appears to have failed to disclose. Moreover, a cursory review of Plaintiff's bankruptcy filings themselves reveals Plaintiff irrefutably failed, if not intentionally refused, to disclose among his assets any real or potential wage or other legal claims, including those raised in this case.

Nevertheless, approximately three (3) months after Plaintiff's bankruptcy proceedings were discharged, Plaintiff comes before this Honorable Court and now claims he is owed allegedly unpaid overtime wages and for purportedly unlawful, yet unidentified, wage deductions from Russ Darrow, spanning the three (3) years he was employed by the Company. However, once Plaintiff petitioned for bankruptcy, all existing assets, including real and/or potential legal claims such as those asserted herein, became the property of the bankruptcy estate, and remained the property of the estate after the bankruptcy was discharged. Plaintiff therefore lacks standing to bring any such legal claims against Russ Darrow in the instant lawsuit, as only the bankruptcy trustee has the ability to do so.

Even assuming, *arguendo*, Plaintiff had standing to proceed with his claims in this matter, Plaintiff's dishonesty in failing to disclose as an asset in his bankruptcy filings the wage claims he now attempts to bring against Russ Darrow undermines the integrity of both the bankruptcy court and this Honorable Court. Given the wholly contradictory positions Plaintiff has taken in his

---

29]); Ms. Underwood's and Plaintiff's alleged period(s) of employment with Russ Darrow overlapped (*compare* [Kopplin Decl. at ¶ 2, Ex. A at ¶¶ 35 – 38], *with* [Dkt. #1 at ¶¶ 28 – 30]); and Ms. Underwood brought the same and/or similar claims against Russ Darrow as Plaintiff asserts in the present action (*compare* [Kopplin Decl. at ¶ 2, Ex. A at ¶¶ 1 – 4, 106 – 128], *with* [Dkt. #1 at ¶¶ 1 – 4, 85 – 96, 110 – 117]).

bankruptcy proceedings and this pending matter, Plaintiff's claims are barred by the doctrine of judicial estoppel.

In sum, Plaintiff lacks standing to bring the FLSA and WWPCL claims he asserts against Russ Darrow in this lawsuit, and this Honorable Court therefore lacks subject matter jurisdiction. Even assuming Plaintiff has standing to bring this lawsuit, which Russ Darrow disputes, Plaintiff's Complaint further fails to state a claim upon which relief can be granted, as his claims are barred on the basis of judicial estoppel. Plaintiff's Complaint should therefore be immediately dismissed, in its entirety, and with prejudice.

## RELEVANT FACTUAL BACKGROUND[2]

Plaintiff's employment with Russ Darrow began in or around July 2016. [Dkt. #1 at ¶ 28]. Plaintiff's employment was terminated in or around June 2019. [Dkt. #1 at ¶ 30]. In his Complaint, Plaintiff makes claims for allegedly unpaid overtime wages and purportedly unlawful, yet unidentified, wage deductions, spanning the term of his employment. *See*, *generally*, [Dkt. #1].

On or around April 4, 2019, Plaintiff petitioned for bankruptcy under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Wisconsin, Case No. 19-22913-gmh. *See* [Kopplin Decl. at ¶ 3, Ex. B].[3] Nowhere in his bankruptcy filings

---

[2] Defendant cites to, and accepts as true, certain allegations in Plaintiff's Complaint solely for purposes of this Motion.

[3] This Court is entitled to consider Underwood's lawsuit and filed pleadings as well as Plaintiff's bankruptcy documents in conjunction with Russ Darrow's Motion to Dismiss without converting it to a motion for summary judgment, as this information is part of public court records and is therefore subject to judicial notice. *See Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012) ("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.") (citation omitted); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081-82 (7th Cir. 1997) ("A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (citations omitted); *Opoka v. INS,* 94 F.3d 392, 394 (7th Cir. 1996) (recognizing that proceedings in other courts, both inside and outside the federal system, may be judicially noticed); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (finding public court documents judicially noticeable). Russ Darrow therefore respectfully requests the Court take judicial notice of Underwood's relevant pleadings and Plaintiff's relevant bankruptcy pleadings referenced throughout this Memorandum and attached as Exhibits A, B, C, and D to the contemporaneously filed Declaration of Keith E. Kopplin. *See* [Kopplin Decl. at ¶¶ 2 – 5, Exs. A – D].

did Plaintiff disclose any real or potential wage claims, nor any other related legal claims, as an asset, including but not limited to those asserted in this lawsuit. [Kopplin Decl. at ¶ 3, Ex. B]. Moreover, in relevant part, Plaintiff provided the following answers, or checked the corresponding box(es), in response to certain of the specific questions set forth in his bankruptcy filings:

> Official Form 101
> Q 19: How much do you estimate your assets to be worth?
> A 19: $0-$50,000
>
> Official Form 106Sum
> Part 1: Summarize Your Assets.
> A 1c: $5,717.00
>
> Official Form 106A/B
> Q 33: Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment. *Examples: Accidents, employment disputes, insurance claims, or rights to sue.*
> A 33: No

[Kopplin Decl. at ¶ 3, Ex. B at pp. 6, 12, 21]. An Order of Discharge was entered in Plaintiff's bankruptcy case on July 15, 2019. [Kopplin Decl. at ¶ 4, Ex. C]. At no time during the pendency of Plaintiff's bankruptcy proceedings did Plaintiff file any amended pleading(s) and, similarly, at no time after the discharge of Plaintiff's bankruptcy proceedings did Plaintiff attempt to reopen said proceedings in order to submit any such amended pleading(s). [Kopplin Decl. at ¶ 5, Ex. D]. Plaintiff therefore never disclosed any real or potential wage claims, nor other related legal claims, as an asset in his bankruptcy filings, including the current claims. *See id.*

## ARGUMENT AND AUTHORITIES

In order to state a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b) provides a number of defenses upon which a defendant may base a motion to dismiss such a claim for relief. Two such

bases are: (1) subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1); and (2) failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). Both bases for dismissal are present here.

When considering a motion to dismiss under Rule 12(b)(1) or (6), the Court "must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (citation omitted). Plaintiff, however, still bears the burden of proving that standing exists, and the Court may consider material outside the pleadings in disputes regarding subject matter jurisdiction under Rule 12(b)(1). *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). Ultimately, regardless of whether Plaintiff's factual allegations are accepted as true, and all reasonable inferences are made in favor of Plaintiff in this matter, (1) this Court still lacks subject matter jurisdiction over Plaintiff's Complaint because Plaintiff does not have standing to bring his current wage claims against Russ Darrow; and (2) Plaintiff fails to state a claim upon which he can recover any relief because he is judicially estopped from asserting such wage claims, given his omission of same in his bankruptcy filings. Plaintiff's Complaint therefore warrants dismissal in its entirety, with prejudice.

## I. PLAINTIFF DOES NOT HAVE STANDING TO BRING THE CURRENT LAWSUIT, WHICH WARRANTS DISMISSAL OF PLAINTIFF'S COMPLAINT.

As the party bringing suit, Plaintiff bears the burden of establishing he has standing to do so. *See Apex Digital*, 572 F.3d at 443 ("As a jurisdictional requirement, the plaintiff bears the burden of establishing standing. Because standing is 'not [a] mere pleading requirement[] but rather an indispensable part of the plaintiff's case, [it] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'") (citing *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992)). Plaintiff has not and cannot establish as much.

Pursuant to the Bankruptcy Code, all of a debtor's property, including legal and equitable interests and claims, become part of the bankruptcy estate at the time the petition is filed. 11 U.S.C. § 541(a)(1); *see also In re Stinnett*, 465 F.3d 309, 312 (7th Cir. 2006). The trustee may abandon a legal claim, but, until then, only the trustee, as the real party in interest, has standing to sue. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006); *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006); *In re Polis*, 217 F.3d 899, 901 (7th Cir. 2000); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999).

"Moreover, if a legal claim is not scheduled or otherwise administered by the time the bankruptcy is closed, it forever remains property of the estate, and the trustee remains the real party in interest thereafter." *Matthews v. Potter*, 316 Fed. Appx. 518, 521 (7th Cir. 2009) (citing 11 U.S.C. § 554(d) ("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004)); *see also Biesek*, 440 F.3d at 413 ("Pre-bankruptcy claims are part of debtors' estates" and, therefore, such legal claims belong to the trustee for the benefit of the debtors' creditors) (citations omitted); 11 U.S.C. §§ 323(a), (b) (the bankruptcy trustee is the representative of the estate and has the capacity to sue and be sued).

A Chapter 7 debtor like Plaintiff therefore does not have the authority to pursue litigation on behalf of the bankruptcy estate. Quite the contrary, only the bankruptcy trustee may do so. *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013) ("Chapter 7 establishes a much more radical solution to indebtedness, requiring the liquidation of the debtor's property, to which end Congress

granted the trustee broad powers without interference from the debtor. The trustee has sole authority to dispose of property, including managing litigation related to the estate.") (citations omitted).

Plaintiff filed for bankruptcy under Chapter 7 on or around April 4, 2019. [Kopplin Decl. at ¶ 3, Ex. B]. At that time, any and all legal claims possessed by Plaintiff, whether disclosed or not, became the property of the bankruptcy estate. An Order of Discharge was entered in Plaintiff's bankruptcy proceedings on July 15, 2019. [Kopplin Decl. at ¶ 4, Ex. C]. Any and all legal claims, whether disclosed in the bankruptcy proceedings or not, that were not scheduled or otherwise administered by the time the bankruptcy was discharged and closed, remained and continue to remain the property of Plaintiff's estate.

In his Complaint, Plaintiff alleges he worked for Russ Darrow from in or around July 2016 through in or around June 2019, [Dkt. #1 at ¶¶ 28, 30], and asserts generally that "at all relevant times" throughout his employment, Russ Darrow engaged in the allegedly offending conduct of failing to pay overtime and making unlawful deductions, [Dkt. #1]. Although Plaintiff had not yet commenced this lawsuit prior to his April 4, 2019 bankruptcy petition and/or the July 15, 2019 Order of Discharge, Plaintiff's claims plainly existed prior to and throughout the pendency of his bankruptcy proceedings, and had accrued prior to the discharge of same. Plaintiff's FLSA and WWPCL claims alleged in this matter therefore undeniably belong to the bankruptcy estate and/or trustee, not Plaintiff. For that reason, Plaintiff irrefutably lacks standing to pursue the FLSA and WWPCL claims asserted in the present lawsuit, and only the bankruptcy trustee may do so. *See, e.g., Cox v. Gannett Co., Inc.*, 2017 WL 5257135, *5-6 (S.D. Ind. Sept. 19, 2017) (dismissing on the basis of standing all legal claims that existed prior to plaintiff's bankruptcy discharge because they actually belonged to the bankruptcy trustee).

7

In light of the foregoing, Plaintiff lacks standing to bring the current lawsuit, which authority belongs entirely to the bankruptcy estate and/or trustee. This Court therefore lacks subject matter jurisdiction over Plaintiff's Complaint, warranting dismissal of same in its entirety.

## II. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF JUDICIAL ESTOPPEL, WHICH WARRANTS DISMISSAL OF PLAINTIFF'S COMPLAINT.

Judicial estoppel "is an equitable concept providing that a party who prevails on one ground in a lawsuit may not in another lawsuit repudiate that ground." *U.S. v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003) (citation omitted). The doctrine's purpose is to prevent the perversion and protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S. Ct. 1808, 149 L.Ed.2d 968 (2001) ("'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'") (quotation omitted); *see also* 18 Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding"); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981) ("[A]bsent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory").

As such, judicial estoppel "[i]s to be applied where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum designed for suitors seeking justice,' to prevent litigants from 'playing fast and loose with the courts.'" *In re Matter of Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990) (quotation omitted). The doctrine is therefore generally invoked to prevent

a party from asserting positions in successive judicial proceedings that are so "clearly inconsistent" that accepting the latter position would create the perception that at least one of the courts was misled. *New Hampshire*, 532 U.S. at 750-51 (citations omitted); *see also Eastman v. Union Pacific R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007).

As related to bankruptcy proceedings, the Bankruptcy Code requires a debtor to schedule as assets "all legal or equitable interests of the debtor in property as of the commencement of the [Chapter 7 bankruptcy] case." 11 U.S.C. § 541(a)(1). Accordingly, the Seventh Circuit has concluded that a debtor in bankruptcy who conceals and/or fails to disclose a legal claim that could give rise to financial recovery, and thus denies owning the asset, is judicially estopped from later pursuing that claim to the debtor's personal benefit. *See Cannon-Stokes*, 453 F.3d at 448 ("[A] debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends.") (citations omitted); *see also Williams v. Hainje*, 375 Fed. Appx. 625, 627 (7th Cir. 2010) ("[A] debtor who receives a discharge by concealing the existence of a chose in action cannot wait until the bankruptcy ends and then pursue the claim.") (citation omitted). As the Seventh Circuit has further explained, "'[b]y making [litigants] choose one position irrevocably, the doctrine of judicial estoppel raises the cost of lying.'" *Cannon-Stokes*, 453 F.3d at 448 (quotation omitted). This is precisely the case with Plaintiff.

Plaintiff petitioned for Chapter 7 bankruptcy on or around April 4, 2019. [Kopplin Decl. at ¶ 3, Ex. B]. Nowhere in his bankruptcy filings did Plaintiff disclose any real or potential wage claims, nor any other related legal claims, as an asset, including but not limited to those asserted in this lawsuit. [Kopplin Decl. at ¶ 3, Ex. B]. Indeed, in response to a question in the bankruptcy filings asking Plaintiff about any claims against third parties, whether or not a lawsuit or demand

9

for payment had been filed or made, Plaintiff unambiguously and affirmatively checked "No." [Kopplin Decl. at ¶ 3, Ex. B at p. 21]. The monetary assets Plaintiff explicitly listed in his bankruptcy materials also presumably omitted any estimated wages Plaintiff believed he was owed from Russ Darrow, given he listed only $5,717.00 in total relevant assets. *See* [Kopplin Decl. at ¶ 3, Ex. B at pp. 6, 12].

Plaintiff's employment with Russ Darrow ended in or around June 2019, [Dkt. #1 at ¶ 30], and, on or around July 15, 2019, Plaintiff's bankruptcy case was discharged, [Kopplin Decl. at ¶ 4, Ex. C]. At no time during the pendency of Plaintiff's bankruptcy proceedings did Plaintiff file any amended pleading(s) and, similarly, at no time after the discharge of Plaintiff's bankruptcy case did Plaintiff attempt to reopen the case in order to submit any such amended pleading(s). [Kopplin Decl. at ¶ 5, Ex. D]. Plaintiff therefore never ultimately disclosed any real or potential wage claims, nor other related legal claims, as an asset in his bankruptcy filings, including the wage claims he now asserts against Russ Darrow. Nevertheless, Plaintiff commenced this lawsuit only three (3) months later, asserting three (3) years' worth of alleged unpaid overtime and improper deductions—a position directly contrary to that which Plaintiff successfully took in his very recent bankruptcy proceedings.

Plaintiff represented he had no claims against Russ Darrow (or anyone else); that representation prevailed in his bankruptcy proceedings; and he obtained a valuable benefit in the discharge of his debts. Now he wishes to assert the opposite in order to win a second time and receive a windfall. This undoubtedly satisfies the requirements of judicial estoppel. *See, e.g., Cannon-Stokes*, 453 F.3d at 447-49 (dismissing case on the basis of judicial estoppel where plaintiff failed to disclose claims brought in case in prior bankruptcy filings). Plaintiff is therefore judicially estopped from pursuing any claim for relief that existed prior to July 15, 2019, the date

on which the Order of Discharge was entered in Plaintiff's bankruptcy proceedings. Considering Plaintiff's employment ended prior to July 15, 2019, all of Plaintiff's FLSA and WWPCL claims asserted in this case are therefore barred.

In light of the foregoing, Russ Darrow anticipates Plaintiff may argue he was not "aware" of his current wage claims until after his bankruptcy proceedings were closed, or perhaps that his omission was inadvertent. However, throughout his Complaint, Plaintiff unambiguously alleges he was regularly denied overtime pay and subject to purported improper deductions for the three (3) years he was employed with the Company. Although Plaintiff's Complaint does not identify a specific amount he is seeking in this context, it is unlikely that he believes this is a small sum. It is further unlikely to believe such a claim, central to Plaintiff's daily activities at work over a three-year period, could have been inadvertently overlooked at the time of Plaintiff's bankruptcy filings.

Similarly, even if Plaintiff had honestly forgotten to include such claims in his bankruptcy filings, upon the realization he had omitted such claims (*i.e.*, once he decided to file this lawsuit), he should and could have attempted to reopen the bankruptcy proceedings in order to file amended pleadings so the creditors—and not himself—could benefit from any potential recovery in this case. Yet, the docket in Plaintiff's bankruptcy case makes clear Plaintiff never filed, or even attempted to file, any amended pleadings to include his current wage claims. *See* [Kopplin Decl. at ¶ 5, Ex. D]. This leads to only one possible conclusion—Plaintiff mislead the bankruptcy court and now attempts to mislead this Honorable Court, intending to keep any recovery in this matter solely for his own benefit. It therefore cannot be disputed that Plaintiff knew about the wage claims he now pursues at the time he filed his bankruptcy petition, throughout the pendency of his bankruptcy proceedings, at the time of his discharge from Russ Darrow, which occurred while his bankruptcy proceedings were still pending, and/or at the time his bankruptcy proceedings were

11

Case 2:19-cv-01421-JPS   Filed 11/27/19   Page 11 of 13   Document 9

discharged. Plaintiff's omission of his alleged legal claims against Russ Darrow as an asset in his bankruptcy filings is therefore a clear basis for barring Plaintiff's current claims under the judicial estoppel doctrine.

For the reasons set forth above, it is evident Plaintiff directly mislead the bankruptcy court and this Honorable Court by failing to disclose any real or potential legal claims in his bankruptcy filings, including the wage claims asserted herein, thereby triggering the doctrine of judicial estoppel to bar the assertion of any such claims in the present lawsuit. Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted, warranting dismissal in its entirety.

## **CONCLUSION**

Plaintiff, Edwin Allen, is not the real party in interest in these proceedings, and is furthermore judicially estopped from bringing the current lawsuit against Defendant, Russ Darrow Group, Inc. Defendant therefore respectfully requests that this Honorable Court enter an Order: (1) granting its Motion to Dismiss Plaintiff's Complaint; (2) dismissing Plaintiff's Complaint in its entirety, with prejudice; (3) entering judgment in favor of Defendant and against Plaintiff; and (4) granting all other relief this Court deems necessary and proper.

*Signatures on Next Page*

12

Case 2:19-cv-01421-JPS   Filed 11/27/19   Page 12 of 13   Document 9

Dated this 27th day of November, 2019.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

s/ Keith E. Kopplin
Keith E. Kopplin
WI State Bar No. 1044861
Suzanne M. Watson
WI State Bar No. 1079803
Pabst Boiler House
1243 North 10th Street, Suite 200
Milwaukee, WI 53205
Telephone: 414.239.6400
Facsimile: 414.755.8289
keith.kopplin@ogletree.com
suzanne.watson@ogletree.com

**ATTORNEYS FOR DEFENDANT RUSS DARROW GROUP, INC.**

40715074.2