# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

EDWIN ALLEN and
KEOSHA HENDERSON,
on behalf of themselves and
all others similarly situated,

          Plaintiffs,               Case No. 19-cv-1421

    v.

RUSS DARROW GROUP, INC.

          Defendant.

## ANSWER AND STATEMENT OF DEFENSES
## TO THE AMENDED COMPLAINT

NOW COMES the Defendant, Russ Darrow Group, Inc. ("Russ Darrow," "the Company," or "Defendant"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and hereby provides the following Answer and Statement of Defenses to the Amended Complaint filed by Plaintiffs, Edwin Allen ("Allen") and Keosha Henderson ("Henderson"), on behalf of themselves (collectively, "Plaintiffs") and all others similarly situated:

### PRELIMINARY STATEMENT

1.      This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq., ,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiffs, Edwin Allen and Keosha Henderson, against Defendants, Russ Darrow Group, Inc.

**ANSWER**:    Answering Paragraph No. 1 of the Amended Complaint, Russ Darrow[1] admits that Plaintiffs[2] purport to bring this action pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), and Wisconsin's Wage Payment and Collection Laws ("WWPCL") but denies the existence of facts or circumstances that would justify this action, denies that it violated the FLSA or WWPCL in any way, denies that it owes Plaintiffs or the employees they purport to represent any unpaid wages or other damages, and denies that the employees Plaintiffs seek to represent are similarly situated or that this action can be properly maintained as a collective or class action. Russ Darrow denies each and every other allegation contained in Paragraph No. 1 of the Amended Complaint.

2.    Plaintiffs bring these FLSA and WWPCL claims and causes of action against Defendant on behalf of themselves and all other similarly-situated current and former non-exempt

---

[1] Russ Darrow Group, Inc. denies that it was Allen's and/or Henderson's employer under the FLSA and/or WWPCL. Russ Darrow therefore denies any allegations asserted against it with respect to Plaintiffs' claims. Moreover, Russ Darrow affirmatively asserts Allen was employed by Russ Darrow Kia, Wauwatosa; Russ Darrow Mazda, Greenfield; Russ Darrow Chrysler Dodge Jeep (Alpha), Milwaukee for separate and distinct time periods, and Henderson was employed by Russ Darrow Kia, Wauwatosa; Russ Darrow Mazda, Greenfield; and Russ Darrow Chrysler Dodge Jeep (Alpha), Milwaukee, for separate and distinct time periods. Plaintiffs' Amended Complaint is comprised of 133 allegations and does not comply with the requirements of Fed. R. Civ. P. 8(a) to contain "a short and plain statement." It is unduly burdensome for Russ Darrow to deny it was Plaintiffs' employer and/or to make the distinction between Plaintiffs' actual respective employer(s) in response to each allegation contained in the Amended Complaint. Russ Darrow therefore incorporates this denial and distinction into its answer to each and every allegation contained in Plaintiffs' Amended Complaint. Furthermore, the term "Russ Darrow" is used to generically refer to the entities with which Plaintiffs were actually employed, without waiving Russ Darrow's rights to continue to object to its improper inclusion as the Defendant employer in this matter. Russ Darrow reserves the right to distinguish Plaintiffs' respective employer(s) in this pleading and all future pleadings in this matter.

[2] Russ Darrow filed a Motion to Dismiss Plaintiff Allen's September 30, 2019 Complaint on November 27, 2019. *See* [Dkt. #8] – [Dkt. #11]. On December 16, 2019, Plaintiffs Allen and Henderson filed an Amended Complaint, [Dkt. #13], and on December 18, 2019, Plaintiffs filed a Response Brief in Opposition to Russ Darrow's Motion to Dismiss, [Dkt. #15] – [Dkt. #17]. Russ Darrow will be filing its Reply Brief in Support of Its Motion to Dismiss on or before January 2, 2020. Russ Darrow's Motion to Dismiss identifies threshold legal deficiencies that render Plaintiff Allen an improper party in this action and warrant dismissal of Plaintiff Allen as a party and all his claims against Russ Darrow (i.e., lack of subject matter jurisdiction based on standing or real party in interest and failure to state a claim based on judicial estoppel). Russ Darrow therefore denies all allegations made against it by Plaintiff Allen as improper. As noted in Footnote No. 1, *supra*, it is unduly burdensome for Russ Darrow to make this objection and/or clarification in response to each allegation contained in the Amended Complaint. Russ Darrow therefore incorporates this denial and clarification into its answer to each and every allegation contained in Plaintiffs' Amended Complaint. Furthermore, Russ Darrow reserves the right to continue to object to Plaintiff Allen as a party to this lawsuit and all allegations brought by him and/or on his behalf in this pleading and all future pleadings in this matter.

2

Business Development Center ("BDC") employees of Defendant for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

**ANSWER**:    Answering Paragraph No. 2 of the Amended Complaint, Russ Darrow admits that Plaintiffs purport to bring this action on behalf of themselves and other Business Development Center ("BDC") employees[3] for purposes of obtaining relief. Russ Darrow denies the existence of facts or circumstances that would justify this action, denies that it violated the FLSA or WWPCL in any way, denies that it owes Plaintiffs or the employees they purport to represent any unpaid wages or other damages, and denies that the employees they seek to represent are similarly situated or that this action can be properly maintained as a collective or class action. Russ Darrow denies each and every other allegation contained in Paragraph No. 2 of the Amended Complaint.

3.    Defendant operated (and continues to operate) an unlawful compensation system that deprived current and former hourly-paid, non-exempt BDC employees of their wages earned for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek. Specifically, Defendant's unlawful

---

[3] The phrase "all other similarly situated current and former non-exempt BDC employees" and/or similar phrases as used herein, as applied to any individual(s) besides Plaintiffs is vague and undefined, so that Russ Darrow lacks sufficient information or knowledge to admit or deny any allegations utilizing this or a similar phrase in Plaintiffs' Amended Complaint and therefore denies same. Moreover, Russ Darrow denies Plaintiffs or any other employee(s) in the position of BDC representative were improperly considered exempt and/or entitled to compensation at an overtime rate based thereon, and affirmatively assert Plaintiffs and any other employee(s) in the position of BDC representative were properly considered exempt from overtime requirements under the law. As noted in Footnote No. 1, *supra*, it is unduly burdensome for Russ Darrow to make the foregoing objections and/or clarifications in response to each allegation contained in the Amended Complaint. Russ Darrow therefore incorporates this denial and clarification into its answer to each and every allegation contained in Plaintiffs' Amended Complaint in which the aforementioned phrase and/or any similar phrase is utilized. Furthermore, Russ Darrow reserves the right to continue to object to Plaintiffs' and other BDC representatives' alleged improper classification as non-exempt by Plaintiffs in this pleading and all future pleadings in this matter.

3

compensation system: (1) at times, failed to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, shift differentials, incentives, awards, and/or other rewards and payments, in all current and former non-exempt BDC employees' regular rates of pay for overtime calculation purposes; (2) at times, improperly classified all current and former non-exempt BDC employees as "exempt" for compensation purposes, depriving said employees of overtime pay for hours worked in excess of forty (40) in a workweek; and (3) unlawfully deducted previously-earned wages from non-exempt BDC employees' paychecks each workweek without their authorization and consent in writing prior to the deduction.

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 3 of the Amended Complaint.

4.    Defendants' deliberate failure to compensate its non-exempt BDC employees for hours worked and work performed at the proper and legal rate(s) of pay violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

**ANSWER**:    Paragraph No. 5 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Russ Darrow does not contest that this Court has subject matter jurisdiction over Plaintiffs' federal law claims.

6.    This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq., Wis. Admin. Code § DWD 274.01 *et seq*.,

4

and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER**:   Paragraph No. 6 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Russ Darrow does not contest that this Court has supplemental jurisdiction over Plaintiffs' state law claims.

7.   Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant does business, and has substantial and systematic contacts, in this District.

**ANSWER**:   Paragraph No. 7 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Russ Darrow does not contest that venue is proper.

**PARTIES AND COVERAGE**

8.   Plaintiff, Edwin Allen, is an adult male resident of the State of Wisconsin with a post office address of 3234 North 29th Street, Milwaukee, Wisconsin 53216.

**ANSWER**:   Answering Paragraph No. 8 of the Amended Complaint, Russ Darrow admits Plaintiff Allen is an adult male, but lacks sufficient information or knowledge to admit or deny the remaining allegations and therefore denies same.

9.   On or about April 4, 2019, Plaintiff Allen filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Wisconsin and designated as Case No. 19-22913-GMH.

**ANSWER**:   Based on a search of public court records, Russ Darrow admits that Allen filed Case No. 19-22913-GMH in April 2019, and affirmatively asserts he also filed Case No. 18-23378-GMH in April 2018.

5

10.     Plaintiff Allen inadvertently omitted pre-petition wage claims from Case No. 19-22913-GMH because they were unknown to him at the time of the filing of Case No. 19-22913-GMH.

**ANSWER**:     Russ Darrow admits Allen omitted wage claims from Case No. 19-22913-GMH, and previously filed Case No. 18-23378-GMH.  Russ Darrow lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph No. 10 of the Amended Complaint and therefore denies same. Russ Darrow affirmatively asserts that Allen lacks standing and is not a proper party to this action and that Allen's claims and allegations asserted in this matter are barred by the doctrine of judicial estoppel, as set forth in Russ Darrow's Motion to Dismiss and accompanying materials. *See* [Dkt. #8] – [Dkt. #10].

11.     Plaintiff, Keosha Henderson, is an adult female resident of the State of Wisconsin with a post office address of 6010 West Calumet Road, Apartment 104, Milwaukee, Wisconsin 53223.

**ANSWER**:     Answering Paragraph No. 11 of the Amended Complaint, Russ Darrow admits Plaintiff Henderson is an adult female, but lacks sufficient information or knowledge to admit or deny the remaining allegations and therefore denies same.

12.     Defendant, Russ Darrow Group, Inc., was, at all material times herein, a Wisconsin entity with a principal address of W133 N8569 Executive Parkway, Menomonee Falls, Wisconsin 53051.

**ANSWER**:     Russ Darrow admits the allegations contained in Paragraph No. 12 of the Amended Complaint.

13.     Defendant is a car dealership.

**ANSWER**:     The phrase "car dealership" is vague and undefined, and Russ Darrow lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 13 of the Amended Complaint related to that phrase and therefore denies same.

14.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant owned, operated, and managed a variety of locations, entities, and car dealerships in the State of Wisconsin, including the specific locations, entities, and car dealerships where all non-exempt BDC employees, including Plaintiffs, performed work on behalf of Defendant, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 14 of the Amended Complaint.

15.     For purposes of the FLSA, Defendant was an "employer" of "employees," Plaintiffs, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 15 of the Amended Complaint.

16.     For purposes of the WWPCL, Defendant was an "employer" of Plaintiffs, and Plaintiffs were "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 16 of the Amended Complaint.

17.     During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

7

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 17 of the Amended Complaint.

18.     During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

**ANSWER**:     Russ Darrow admits the allegations contained in Paragraph No. 18 of the Amended Complaint.

19.     During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

**ANSWER**:     Russ Darrow admits the allegations contained in Paragraph No. 19 of the Amended Complainant.

20.     During the relevant time periods as stated herein, Plaintiffs were engaged in commerce or in the production of goods for commerce.

**ANSWER**:     Russ Darrow admits the allegations contained in Paragraph No. 20 of the Amended Complaint.

21.     Plaintiff Henderson's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Amended Complaint.

**ANSWER**:     Answering Paragraph No. 21 of the Amended Complaint, Russ Darrow admits that a Notice of Consent to Joint was filed with the Amended Complaint but lacks knowledge as to whether it was signed by Plaintiff Henderson and therefore denies same. Furthermore, Russ Darrow denies the existence of facts or circumstances that would justify this action, denies that it violated the FLSA in any way, denies that it owes Plaintiffs or the employees they purport to represent any unpaid wages or other damages, and denies that the employees that

8

Plaintiffs seek to represent are similarly situated or that this action can be properly maintained as collective or class action.

22.     Plaintiffs bring this action on behalf of themselves and all other similarly-situated current and former non-exempt BDC employees employed by Defendant within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1). Plaintiffs and all other non-exempt BDC employees were subjected to Defendant's same unlawful policies as enumerated herein and performed similar job duties at all of Defendant's locations, entities, and car dealerships in the State of Wisconsin.

**ANSWER**:     Answering Paragraph No. 22 of the Amended Complaint, Russ Darrow admits that Plaintiffs purport to bring this action on behalf of themselves and others for purposes of obtaining relief. Russ Darrow denies the existence of facts or circumstances that would justify this action, denies that it violated the FLSA and/or Wisconsin law in any way, denies that it owes Plaintiffs or the employees they purport to represent any unpaid wages or other damages, and denies that the employees they seek to represent are similarly situated or that this action can be properly maintained as a collective or class action. Russ Darrow denies each and every other allegation contained in Paragraph No. 22 of the Amended Complaint.

23.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other current and former non-exempt BDC employees on whose behalf they bring this Complaint performed compensable work on Defendant's behalf, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge.

**ANSWER**:     Russ Darrow admits that Plaintiffs performed compensable work on behalf of their respective employer(s) at their direction and with their knowledge but denies the remaining allegations contained in Paragraph No. 23 of the Amended Complaint.

9

24.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant supervised Plaintiffs' and all other non-exempt BDC employees' day-to-day activities.

**ANSWER**:     The phrase "day-to-day activities" is vague and undefined, and Russ Darrow lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 24 of the Amended Complaint related to that phrase and therefore denies same.

25.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiffs and all other non-exempt BDC employees.

**ANSWER**:     Russ Darrow admits Plaintiffs' respective employer(s) had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiffs but denies the remaining allegations contained in Paragraph No. 25 of the Amended Complaint.

26.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant had the ability and authority to review Plaintiffs' work performance and the work performance of all other non-exempt BDC employees.

**ANSWER**:     Russ Darrow admits Plaintiffs' respective employer(s) had the ability and authority to review Plaintiffs' work performance but denies the remaining allegations contained in Paragraph No. 26 of the Amended Complaint.

27.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established Plaintiffs' and all other non-exempt BDC employees' work schedules and provided Plaintiffs and all other non-exempt BDC employees with work assignments and hours of work.

10

**ANSWER**:   Russ Darrow admits Plaintiffs' respective employer(s) established their work schedules and provided them with their work assignments and hours of work but denies the remaining allegations contained in Paragraph No. 27 of the Amended Complaint.

28.    Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established the terms, conditions, work rules, policies, and procedures by which Plaintiffs and all other non-exempt BDC employees abided in the workplace.

**ANSWER**:   Russ Darrow admits Plaintiffs' respective employer(s) established the terms, conditions, work rules, policies, and procedures to which they were subject in the workplace but denies the remaining allegations contained in Paragraph No. 28 of the Amended Complaint.

29.    Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiffs' and all other non-exempt BDC employees' employment-related questions, benefits-related questions, and workplace issues.

**ANSWER**:   Answering Paragraph No. 29 of the Amended Complaint, Russ Darrow admits Plaintiffs' respective employer(s) responded to employment-related questions, benefits-related questions, and workplace issues of which it was aware in accordance with its practices, policies, and procedures. Russ Darrow denies the remaining allegations contained in Paragraph No. 29 of the Amended Complaint.

30.    Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant compensated Plaintiffs and all other non-exempt BDC employees for hours worked and/or work performed, including with additional forms of compensation, such as monetary bonuses, commissions, shift differentials, incentives, and/or other rewards and payments.

11

**ANSWER**: Answering Paragraph No. 30 of the Amended Complaint, Russ Darrow admits that Plaintiffs' respective employer(s) compensated Plaintiffs for hours worked and that Plaintiffs were eligible to receive performance bonuses during their employment. Russ Darrow denies the remaining allegations contained in Paragraph No. 30 of the Amended Complaint.

## GENERAL ALLEGATIONS

31. In approximately July 2016, Defendant hired Plaintiff Allen as a non-exempt BDC employee.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 31 of the Amended Complaint and affirmatively asserts that Russ Darrow Kia, Wauwatosa hired Allen as a BDC representative in or around July 2016.

32. In approximately June 2019, Plaintiff Allen's employment with Defendant ended.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 32 of the Amended Complaint and affirmatively asserts that Allen's employment with Russ Darrow Chrysler Dodge Jeep (Alpha), Milwaukee ended in or around June 2019.

33. In approximately August 2015, Defendant hired Plaintiff Henderson as a non-exempt BDC employee.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 33 of the Amended Complaint and affirmatively asserts that Russ Darrow Kia, Wauwatosa hired Henderson as a BDC representative in or around August 2015.

34. In approximately December 2019, Plaintiff Henderson's employment with Defendant ended.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 34 of the Amended Complaint and affirmatively asserts that Henderson's employment with Russ Darrow Chrysler Dodge Jeep (Alpha), Milwaukee ended in or around December 2019.

12

35.     During Plaintiffs' respective dates of employment with Defendant as non-exempt BDC employees, they performed compensable work on Defendant's behalf, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge at various locations, entities, and car dealerships owned, operated, and managed by Defendant in the State of Wisconsin, including: Russ Darrow Ford LLC; Russ Darrow Greenfield LLC; and Russ Darrow Dodge LLC.

**ANSWER**:     Russ Darrow admits that Plaintiffs performed compensable work while employed in the position of BDC representative at the entities with which they were respectively employed but denies the remaining allegations contained in Paragraph No. 35 of the Amended Complaint.

36.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiffs and all other non-exempt BDC employees.

**ANSWER**:     Answering Paragraph No. 36 of the Amended Complaint, Russ Darrow admits that Plaintiffs' respective employers maintain employment records of its employees.

37.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiffs and all other non-exempt BDC employees.

**ANSWER**:     The phrase "centralized system" is vague and undefined, and Russ Darrow lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 37 of the Amended Complaint related to that phrase and therefore denies same. Russ Darrow admits Plaintiffs' respective employers expected Plaintiffs to record their hours worked and that it tracked Plaintiffs' respective hours worked while they were employed.

13

38.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiffs and all other non-exempt BDC employees for all remuneration earned.

**ANSWER**:     The phrase "centralized system" is vague and undefined, and Russ Darrow lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 38 of the Amended Complaint related to that phrase and therefore denies same. Russ Darrow admits that Plaintiffs' respective employer(s) compensated them for all of their compensable time worked while they were employed.

39.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other non-exempt BDC employees frequently worked in excess of forty (40) hours per workweek.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 39 of the Amended Complaint.

40.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiffs and all other non-exempt BDC employees frequently worked in excess of forty (40) hours per workweek.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 40 of the Amended Complaint.

41.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants tracked and/or recorded Plaintiffs' and all other non-exempt BCD employees' hours worked each workweek.

14

**ANSWER**: Answering Paragraph No. 41 of the Amended Complaint, Russ Darrow admits that Plaintiffs' respective employers maintained a record of the hours Plaintiffs respectively recorded they worked and denies the remaining allegations.

42. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant compensated Plaintiffs and all other non-exempt BDC employees on a bi-weekly basis via paycheck.

**ANSWER**: Answering Paragraph No. 42 of the Amended Complaint, Russ Darrow admits Plaintiffs were compensated on a bi-weekly basis via paycheck but denies the remaining allegations.

43. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

**ANSWER**: Russ Darrow admits the allegations contained in Paragraph No. 43 of the Amended Complaint.

44. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant maintain an Employee Handbook, titled, "Russ Darrow Group Employee Handbook."

**ANSWER**: Russ Darrow admits the allegations contained in Paragraph No. 44 of the Amended Complaint.

45. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's Employee Handbook was given to Plaintiffs and all other non-exempt BDC employees.

**ANSWER**: The phrase "other BDC employees" is vague and undefined, and Russ Darrow lacks sufficient information or knowledge to admit or deny the allegations contained in

15

Paragraph No. 45 of the Amended Complaint related to that phrase and therefore denies same. Russ Darrow admits Plaintiffs' respective employers provided them with the Russ Darrow Group Employee Handbook.

46.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), the employment policies as contained in Defendant's Employee Handbook governed the terms and conditions of Plaintiffs' and all other non-exempt BDC employees' employment with Defendant.

**ANSWER**:     Russ Darrow admits that the Russ Darrow Group Employee Handbook contained some of its policies and procedures and Russ Darrow reserved the right to change these policies and procedures if management decided it was in the best interest of the Company but denies the remaining allegations contained in Paragraph No. 46 of the Amended Complaint.

47.     Defendant's Employee Handbook stated, in part: "All references to Russ Darrow Group or Company includes the following entities: Russ Darrow Direct, Appleton; Russ Darrow Chrysler Dodge Jeep, West Bend; Russ Darrow Toyota, West Bend; Russ Darrow Nissan, West Bend; Russ Darrow Colonial Honda Nissan, Milwaukee; Russ Darrow Metro Mazda, Milwaukee; Russ Darrow Kia, Waukesha; Russ Darrow Chrysler Jeep Kia, Madison; Russ Darrow Mazda, Madison; Russ Darrow Mazda, Greenfield; Russ Darrow Kia Mitsubishi, Wauwatosa; Russ Darrow Chrysler Dodge Jeep, Milwaukee; Russ Darrow Sheboygan; Russ Darrow Leasing, Russ Darrow Fleet, Russ Darrow Corporate Management Company, Menomonee Falls; CNAC, JDByrider, Milwaukee, Waukesha Madison, Appleton, Green Bay; or any other affiliated entities."

**ANSWER**:     Answering Paragraph No. 47 of the Amended Complaint, Russ Darrow admits the quoted text is accurate to the text in its Employee Handbook.

16

48.     Defendant's Employee Handbook stated, in part: "We are happy you have chosen to join us, and wish to welcome you to Russ Darrow Group. ... This handbook is intended to provide you with a guide to the policies, benefits and rules that are relevant to your employment with Russ Darrow Group. ... If you have any questions or concerns that are not covered by this handbook, please refer them to your Department Manager, the General Manager at your dealership or the Human Resources Director at the corporate office."

**ANSWER**:     Answering Paragraph No. 48 of the Amended Complaint, Russ Darrow admits the quoted text is accurate to the text in its Employee Handbook.

49.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs' and all other non-exempt BDC employees' primary job duty was to communicate with prospective customers as part of Defendant's customer service and/or business development process.

**ANSWER**:     Russ Darrow admits Plaintiffs' job duties and responsibilities in the position of Business Development Center representative included, but were not limited to, communicating with the Company's customers or prospective customers, but denies the remaining allegations contained in Paragraph No. 49 of the Amended Complaint.

50.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs' and all other non-exempt BDC employees' primary job duty was not sales.

**ANSWER**:     Paragraph No. 50 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Russ Darrow denies the allegations contained in Paragraph No. 50 of the Amended Complaint.

17

51.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs' and all other non-exempt BDC employees' job duties did not directly relate to Defendant's management or general business operations.

**ANSWER**:     Paragraph No. 51 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Russ Darrow denies the allegations contained in Paragraph No. 51 of the Amended Complaint.

52.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other non-exempt BDC employees did not compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after considering various possibilities.

**ANSWER**:     Paragraph No. 52 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Russ Darrow denies the allegations contained in Paragraph No. 52 of the Amended Complaint.

53.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other non-exempt BDC employees did not have authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

**ANSWER**:     Paragraph No. 53 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Russ Darrow denies the allegations contained in Paragraph No. 53 of the Amended Complaint.

54.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other non-exempt BDC employees did not manage, run, or operate any department or division of Defendant.

18

**ANSWER**: Paragraph No. 54 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Russ Darrow denies the allegations contained in Paragraph No. 54 of the Amended Complaint.

55. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), no other employees of Defendant reported directly to Plaintiffs or any other non-exempt BDC employees.

**ANSWER**: Russ Darrow admits that no other employee(s) reported directly to Plaintiffs while they were employed at their respective employers, but denies the remaining allegations contained in Paragraph No. 55 of the Amended Complaint.

56. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other non-exempt BDC employees did not have the authority or actual ability to hire, fire, demote, promote, and/or establish the terms and conditions of any other employees' employment at Defendant.

**ANSWER**: Russ Darrow admits that Plaintiffs did not have the authority or actual ability to hire, fire, demote, promote, and/or establish the terms and conditions of any other employees' employment at their respective employers, but denies the remaining allegations contained in Paragraph No. 56 of the Amended Complaint.

57. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs' and all other non-exempt BDC employees' job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

**ANSWER**: Paragraph No. 57 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Russ Darrow denies the allegations contained in Paragraph No. 57 of the Amended Complaint.

58. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant did not compensate Plaintiffs and all other non-exempt BDC employees with commissions or bonus payments that exceeded at least half of their total earnings in a representative period.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 58 of the Amended Complaint.

59. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other non-exempt BDC employees were not highly compensated or highly commissioned employees.

**ANSWER**: Paragraph No. 59 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Russ Darrow denies the allegations contained in Paragraph No. 59 of the Amended Complaint.

60. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other non-exempt BDC employees were non-union employees of Defendant.

**ANSWER**: Russ Darrow admits that neither Plaintiffs, nor any other employees of their respective employers, were unionized during their employment.

61. Within the last three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all current and former non-exempt BDC employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of: (1) failing to include all

20

forms of non-discretionary compensation, such as monetary bonuses, commissions, shift differentials, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime purposes; (2) improperly classifying all current and former non-exempt BDC employees as "exempt" for compensation purposes, depriving said employees of overtime pay for hours worked in excess of forty (40) in a workweek; and (3) deducting previously-earned wages from non-exempt BDC employees' paychecks each workweek without their authorization and consent in writing prior to the deduction.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 61 of the Amended Complaint.

62. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant made deductions from Plaintiffs' and all other non-exempt BDC employees' previously-earned wages even though Plaintiffs and all other non-exempt BDC employees did not authorize the deduction and did not consent to the deductions in writing prior to the deductions.

**ANSWER**: The phrase "deductions" is vague and undefined, and Russ Darrow lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 62 of the Amended Complaint related to that phrase and therefore denies same.

63. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other non-exempt BDC employees employed by Defendant were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 63 of the Amended Complaint.

64. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiffs and all other non-exempt

BDC employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 64 of the Amended Complaint.

65.    Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's unlawful pay practices as described herein resulted in Plaintiffs and all other non-exempt BDC employees being deprived of overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 65 of the Amended Complaint.

66.    Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant was or should have been aware that their [sic] policies in practice did not properly and lawfully compensate Plaintiffs and all other non-exempt BDC employees at the correct and lawful overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 66 of the Amended Complaint.

67.    Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1) and as it relates to Plaintiff Allen, Defendant's policies in practice failed to compensate Plaintiff Allen at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek prior to the filing of Case No. 19-22913-GMH.

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 67 of the Amended Complaint and affirmatively states that Allen lacks standing and is not a proper party to

this action and that Allen's claims and allegations asserted in this matter are barred by the doctrine of judicial estoppel, as set forth in Russ Darrow's Motion to Dismiss and accompanying materials. *See* [Dkt. #8] – [Dkt. #10].

68.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1) and as it relates to Plaintiff Allen, Defendant's policies in practice failed to compensate Plaintiff Allen at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek after the filing of Case No. 19-22913-GMH.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 68 of the Amended Complaint and affirmatively states that Allen lacks standing and is not a proper party to this action and that Allen's claims and allegations asserted in this matter are barred by the doctrine of judicial estoppel, as set forth in Russ Darrow's Motion to Dismiss and accompanying materials. *See* [Dkt. #8] – [Dkt. #10].

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

69.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **Overtime Pay**: All current and former non-exempt BDC employees employed by Defendant within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's: failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes; and/or improperly classifying said employees as "exempt" for compensation purposes, depriving said employees of overtime pay for hours worked in excess of forty (40) in a workweek.

> **Unlawful Deductions**: All current and former non-exempt BDC employees employed by Defendant within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1) who

23

have not been compensated for all hours worked each workweek as a result of Defendant's deductions from said employees' previously-earned wages without their authorization and consent in writing prior to the deductions.

**ANSWER:**     Answering Paragraph No. 69 of the Amended Complaint, Russ Darrow admits that Plaintiffs purport to bring this action on behalf of themselves and others for purposes of obtaining relief. Russ Darrow denies the existence of facts or circumstances that would justify this action, denies that it violated the FLSA and/or WWPCL in any way, denies that it owes Plaintiffs or the employees they purport to represent any unpaid wages or other damages, and denies that the employees they seek to represent are similarly situated or that this action can be properly maintained as a collective or class action. Russ Darrow denies each and every other allegation contained in Paragraph No. 69 of the Amended Complaint.

70.     The FLSA Collective (Overtime Pay) primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER**:     Paragraph No. 70 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Russ Darrow denies the allegations contained in Paragraph No. 70 of the Amended Complaint.

71.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant compensated the FLSA Collective (Overtime Pay) with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses and incentives, commissions, shift differentials, awards, and/or other rewards and payments – on a bi-weekly, quarterly, and/or annual basis.

**ANSWER**:     The phrase "performance-based and/or attendance-based monetary bonuses and incentives, commissions, shift differentials, awards, and/or other rewards and payments" is

24

vague and undefined, and Russ Darrow lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 71 of the Amended Complaint related to that phrase and therefore denies same.

72. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), the monetary compensation that Defendant provided to the FLSA Collective (Overtime Pay) was non-discretionary in nature: they were made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiffs and the FLSA Collective (Overtime Pay) to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 72 of the Amended Complaint.

73. Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's pay practices failed to include all of the aforementioned forms of non-discretionary compensation in the FLSA Collective's (Overtime Pay) regular rates of pay for overtime calculation and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period, thus denying overtime compensation to the FLSA Collective (Overtime Pay) at the rate of one and one-half times their regular rate of pay for hours worked in excess of forth (40) in a workweek.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 73 of the Amended Complaint.

74.     Defendant's deliberate failure to properly compensate the FLSA Collective (Overtime Pay) in such a fashion as described in the aforementioned paragraph violated federal law as set forth in the FLSA.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 74 of the Amended Complaint.

75.     Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant made deductions from the FLSA Collective's (Unlawful Deductions) previously-earned wages without their authorization and consent in writing prior to the deductions.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 75 of the Amended Complaint.

76.     Defendant was or should have been aware that its unlawful practices as described herein deprived the FLSA Collective (Unlawful Deductions) of the lawful and appropriate wages and compensation due and owing to them, in violation of the FLSA.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 76 of the Amended Complaint.

77.     Plaintiffs' First and Second FLSA Causes of Action are brought under and maintained as an [sic] opt-in Collective Actions Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collectives, and these Causes of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

**ANSWER**:     Paragraph No. 77 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Russ Darrow admits that Plaintiffs are asserting FLSA claims pursuant to 29 U.S.C. § 216(b) as collective actions on behalf of potential opt-in litigants and that only those who affirmatively opt-in may participate in the

26

lawsuit but denies the existence of facts or circumstances that would justify this action, denies that it owes Plaintiffs or other employees they purport to represent any unpaid wages or other damages, and denies that the employees that Plaintiffs seek to represent are similarly situated or that this action can be properly maintained as a collective or class action.

78.     Plaintiffs and the FLSA Collectives are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation and making deductions from previously-earned wages without authorization and consent in writing prior to the deductions. Plaintiffs' claims and causes of action as stated herein are the same as those of the FLSA Collectives.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 78 of the Amended Complaint.

79.     Plaintiffs and the FLSA Collectives seek relief on a collective basis challenging, among any other FLSA violations, Defendant's practice of failing to include all forms of non-discretionary compensation in the FLSA Collective's (Overtime Pay) regular rates of pay for overtime compensation and calculation purposes and making deductions from previously-earned wages of the FLSA Collective (Unlawful Deductions) without authorization and consent in writing prior to the deductions.

**ANSWER**:     Answering Paragraph No. 79 of the Amended Complaint, Russ Darrow admits that Plaintiffs seek relief on a collective basis and allege violations of the FLSA but denies the existence of facts or circumstances that would justify this action, denies that it owes Plaintiffs or the employees they purport to represent any unpaid wages or other damages, and denies that the

27

employees that Plaintiffs seek to represent are similarly situated or that this action can be properly maintained as a collective or class action.

80.    The FLSA Collectives are readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collectives via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

**ANSWER**:    Answering Paragraph No. 80 of the Amended Complaint, Russ Darrow admits that it has the contact information for its employees, but denies notice is appropriate, denies the existence of facts or circumstances that would justify this action, denies that it owes Plaintiffs or the employees they purport to represent any unpaid wages or other damages, and denies that the employees that Plaintiffs seek to represent are similarly situated or that this action can be properly maintained as a collective or class action.

81.    Defendant's conduct, as set forth in this Amended Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collectives.

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 81 of the Amended Complaint.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

82.    Plaintiffs bring this action on behalf of themselves and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **Overtime Pay**: All current and former non-exempt BDC employees employed by Defendant within the two (2) years immediately preceding the filing of the Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of

28

pay as a result of Defendant's: failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes; and/or improperly classifying said employees as "exempt" for compensation purposes, depriving said employees of overtime pay for hours worked in excess of forty (40) in a workweek.

**Unlawful Deductions**: All current and former non-exempt BDC employees employed by Defendant within the two (2) years immediately preceding the filing of the Complaint (ECF No. 1) who have not been compensated for all hours worked each workweek as a result of Defendant's deductions from said employees' previously-earned wages without their authorization and consent in writing prior to the deductions.

**ANSWER**:    Answering Paragraph No. 82 of the Amended Complaint, Russ Darrow admits that Plaintiffs purport to bring this action on behalf of themselves and others for purposes of obtaining relief. Russ Darrow denies the existence of facts or circumstances that would justify this action, denies that it violated the FLSA and/or WWPCL in any way, denies that it owes Plaintiffs or the employees they purport to represent any unpaid wages or other damages, and denies that the employees they seek to represent are similarly situated or that this action can be properly maintained as a collective or class action. Russ Darrow denies each and every other allegation contained in Paragraph No. 82 of the Amended Complaint.

83.    The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Classes are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes is also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

**ANSWER**:    Answering Paragraph No. 83 of the Amended Complaint, Russ Darrow admits that it has the contact information for its employees, but denies that notice is appropriate,

29

denies the existence of facts or circumstances that would justify this action, denies that it owes Plaintiffs or the employees they purport to represent any unpaid wages or other damages, and denies that the employees that Plaintiffs seek to represent are similarly situated or that this action can be properly maintained as a collective or class action.

84. The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one-hundred (100) members of the Wisconsin Classes.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 84 of the Amended Complaint.

85. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. The members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 85 of the Amended Complaint.

86. Plaintiffs are able to fairly and adequately protect the interests of the Wisconsin Classes and have no interests antagonistic to the Wisconsin Classes. Plaintiffs are represented by

counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 86 of the Amended Complaint.

87.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual member [sic] of the Wisconsin Classes is small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 87 of the Amended Complaint.

88.    Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the

31

disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 88 of the Amended Complaint.

89. Defendant has violated the WWPCL regarding payment of wages, overtime wages, and unlawful deductions. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 89 of the Amended Complaint.

90. There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following: (a) Whether Defendant provided the Wisconsin Class (Overtime Pay) with forms of non-discretionary compensation; (b) Whether Defendant maintained an unlawful compensation system that failed to include these forms of non-discretionary compensation in the Wisconsin Class' (Overtime Pay) regular rates of pay for overtime calculation purposes; (c) Whether Defendant misclassified as "exempt" the Wisconsin Class (Overtime Pay) and, thus, failed to compensate the Wisconsin Class (Overtime Pay) with overtime compensation for hours worked in

32

excess of forty (40) in a workweek; (d) Whether Defendant maintained an unlawful compensation system that made deductions from the previously-earned wages of the Wisconsin Class (Unlawful Deductions); and (e) The nature and extent of class-wide injury and the measure of damages for the injury.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 90 of the Amended Complaint.

91. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 91 of the Amended Complaint.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiffs on behalf of themselves and the FLSA Collective – Overtime Pay)**

92. Plaintiffs, on behalf of themselves and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

**ANSWER**: Answering Paragraph No. 92 of the Amended Complaint, Russ Darrow incorporates by reference as if fully stated herein its responses to Paragraph Nos. 1 through 91 of the Amended Complaint.

93. At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

**ANSWER**: Answering Paragraph No. 93 of the Amended Complaint, Russ Darrow admits that Plaintiffs are covered by the FLSA but denies the existence of facts or circumstances that would justify this action, denies that it owes Plaintiffs or the employees they purport to

33

represent any unpaid wages or other damages, and denies that the employees that Plaintiffs seek to represent are similarly situated or that this action can be properly maintained as a collective or class action.

94. At all times material herein, Defendant was an employer of Plaintiffs and the FLSA Collective as provided under the FLSA.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 94 of the Amended Complaint.

95. At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendant as provided under the FLSA.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 95 of the Amended Complaint.

96. Plaintiffs and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 96 of the Amended Complaint.

97. Defendant violated the FLSA by failing to account for and compensate Plaintiffs and the FLSA Collective for overtime premium pay (at the proper and correct overtime rate of pay) for each hour worked in excess of forty (40) hours each workweek by failing to properly include all forms of non-discretionary compensation in Plaintiffs' and the FLSA Collective's regular rate(s) of pay for overtime calculations [sic] purposes and by improperly classifying Plaintiffs and the FLSA Collective as "exempt" for compensation purposes.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 97 of the Amended Complaint.

34

98.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

**ANSWER**:     Paragraph No. 98 of the Amended Complaint states a legal conclusion, to which no response is required. To the extent a response is required, Russ Darrow admits that the FLSA regulates the payment of overtime premiums by those subject to its provisions.

99.     Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in [sic] FLSA, 29 U.S.C. § 203(b).

**ANSWER**:     Paragraph No. 99 of the Amended Complaint states a legal conclusion, to which no response is required. To the extent a response is required, Russ Darrow admits that it is subject to the overtime pay requirements of the FLSA.

100.    Defendant's failure to properly compensate Plaintiffs and the FLSA Collective was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 100 of the Amended Complaint.

101.    As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 101 of the Amended Complaint.

102.    Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of the Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 102 of the Amended Complaint.

103.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**ANSWER**:    Paragraph No. 103 of the Amended Complaint states a legal conclusion, to which no response is required. To the extent a response is required, Russ Darrow admits that successful plaintiffs are entitled to recover attorneys' fees under the appropriate circumstances, but denies such circumstances are present here.

**SECOND CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiffs on behalf of themselves and the FLSA Collective – Unlawful Deductions)**

104.    Plaintiffs, on behalf of themselves and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

**ANSWER**: Answering Paragraph No. 104 of the Amended Complaint, Russ Darrow incorporates by reference as if fully stated herein its responses to Paragraph Nos. 1 through 103 of the Amended Complaint.

105. At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

**ANSWER**: Answering Paragraph No. 105 of the Amended Complaint, Russ Darrow admits that Plaintiffs are covered by the FLSA but denies the existence of facts or circumstances that would justify this action, denies that it owes Plaintiffs or the employees they purport to represent any unpaid wages or other damages, and denies that the employees that Plaintiffs seek to represent are similarly situated or that this action can be properly maintained as a collective or class action.

106. At all times material herein, Defendant was an employer of Plaintiffs and the FLSA Collective as provided under the FLSA.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 106 of the Amended Complaint.

107. At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendant as provided under the FLSA.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 107 of the Amended Complaint.

108. Plaintiffs and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 108 of the Amended Complaint.

37

109. Defendant violated the FLSA by failing to account for and compensate Plaintiffs and the FLSA Collective for overtime premium pay for each hour worked in excess of forty (40) hours each workweek.

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 109 of the Amended Complaint.

110. Defendant violated the FLSA by making deductions from the previously-earned wages of the FLSA Collective without their authorization and consent in writing prior to the deductions.

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 110 of the Amended Complaint.

111. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

**ANSWER**:    Paragraph No. 111 of the Amended Complaint states a legal conclusion, to which no response is required. To the extent a response is required, Russ Darrow admits that the FLSA regulates the payment of overtime premiums by those subject to its provisions.

112. Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in [sic] FLSA, 29 U.S.C. § 203(b).

**ANSWER**:    Paragraph No. 112 of the Amended Complaint states a legal conclusion, to which no response is required. To the extent a response is required, Russ Darrow admits that it is subject to the overtime pay requirements of the FLSA.

38

113.     Defendant's failure to properly compensate Plaintiffs and the FLSA Collective was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 113 of the Amended Complaint.

114.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 114 of the Amended Complaint.

115.     Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of the Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 115 of the Amended Complaint.

116.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**ANSWER**:    Paragraph No. 116 of the Amended Complaint states a legal conclusion, to which no response is required. To the extent a response is required, Russ Darrow admits that successful plaintiffs are entitled to recover attorneys' fees under the appropriate circumstances, but denies such circumstances are present here.

**THIRD CLAIM FOR RELIEF**
**Violations of Wisconsin's Wage Payment and Collection Laws, as Amended**
**(Plaintiffs, on behalf of themselves and the Wisconsin Class – Overtime Pay)**

117.    Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

**ANSWER**:    Answering Paragraph No. 117 of the Amended Complaint, Russ Darrow incorporates by reference as if fully stated herein its responses to Paragraph Nos. 1 through 116 of the Amended Complaint.

118.    At all relevant times: Plaintiffs and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendant was an employer of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendant employed, and continue [sic] to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 118 of the Amended Complaint.

40

119.     Throughout the Wisconsin Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**ANSWER:**     Russ Darrow denies the allegations contained in Paragraph No. 119 of the Amended Complaint.

120.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class overtime compensation.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 120 of the Amended Complaint.

121.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 121 of the Amended Complaint.

122.     Defendant willfully failed to pay Plaintiffs and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws, by failing to properly include all forms of non-discretionary compensation in Plaintiffs' and the Wisconsin Class' regular rate(s) of pay for overtime calculation purposes and by improperly classifying Plaintiffs and the Wisconsin Class as "exempt" for compensation purposes.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 122 of the Amended Complaint.

41

123.    As set forth above, Plaintiffs and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER**:    Russ Darrow denies the allegations contained in Paragraph No. 123 of the Amended Complaint.

124.    Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**ANSWER**:    Paragraph No. 124 of the Amended Complaint states a legal conclusion, to which no response is required. To the extent a response is required, Russ Darrow admits that successful plaintiffs may recover attorney fees under the appropriate circumstances, but denies such circumstances are present here.

**FOURTH CLAIM FOR RELIEF**
**Violations of Wisconsin's Wage Payment and Collection Laws, as Amended**
**(Plaintiffs, on behalf of themselves and the Wisconsin Class – Unlawful Deductions)**

125.    Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

**ANSWER**:    Answering Paragraph No. 125 of the Amended Complaint, Russ Darrow incorporates by reference as if fully stated herein its responses to Paragraph Nos. 1 through 124 of the Amended Complaint.

126. At all relevant times: Plaintiffs and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendant was an employer of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendant employed, and/or continue [sic] to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 126 of the Amended Complaint.

127. Throughout the Wisconsin Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**ANSWER:** Russ Darrow denies the allegations contained in Paragraph No. 127 of the Amended Complaint.

128. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class overtime compensation.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 128 of the Amended Complaint.

129. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

**ANSWER**: Russ Darrow denies the allegations contained in Paragraph No. 129 of the Amended Complaint.

43

130.     At all times material herein, Wis. Stat. § 103.455 was applicable to Plaintiffs'
employment with Defendant, which states, in relevant party: "No employer may make any
deduction from the wage due or earned by any employee, who is not an independent contractor,
for defective or faulty workmanship, lost or stolen property or damage to property, unless the
employee authorizes the employer in writing to make that deduction…"

**ANSWER**:     Paragraph No. 130 of the Amended Complaint states a legal conclusion, to
which no response is required. To the extent a response is required, Russ Darrow admits that the
quoted language is accurate to that which is stated in the referenced statute.

131.     Defendant willfully made deductions from the previously-earned wages of
Plaintiffs and the Wisconsin Class without their authorization and without their consent in writing
prior to the deduction.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 131 of the
Amended Complaint.

132.     As set forth above, Plaintiffs and the Wisconsin Class members have sustained
losses in their compensation as a proximate result of Defendant's violations. Accordingly,
Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid
compensation, injunctive relief requiring Defendant to cease and desist from its violations of the
Wisconsin laws described herein and to comply with them, and such other legal and equitable
relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin
Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid
wages.

**ANSWER**:     Russ Darrow denies the allegations contained in Paragraph No. 132 of the
Amended Complaint.

133.    Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**ANSWER**:    Paragraph No. 133 of the Amended Complaint states a legal conclusion, to which no response is required. To the extent a response is required, Russ Darrow admits that successful plaintiffs may recover attorney fees under the appropriate circumstances, but denies such circumstances are present here.

## GENERAL DENIAL

The WHEREFORE paragraph following Paragraph No. 133 of the Amended Complaint is a prayer for relief, to which no response is required. To the extent a response is required, Russ Darrow denies the allegations contained in the WHEREFORE paragraph following Paragraph No. 133 of the Amended Complaint.  Defendant denies any allegations in the Amended Complaint not specifically addressed above.

## STATEMENT OF DEFENSES

1.    Plaintiffs fail to state a claim upon which relief can be granted.

2.    Russ Darrow Group, Inc. was not Plaintiffs' and/or any purportedly similarly situated employee(s)' employer, and the Company is therefore not a proper party and/or Defendant in this action.

3.    Plaintiffs have failed to include as a party and/or Defendant in this action their actual respective employer(s) and have therefore failed to join a necessary party and/or parties in this case.

4.    This Court lacks subject matter jurisdiction over Plaintiff Allen's claims.

5.    Plaintiff Allen lacks standing and is therefore not a proper party in interest and/or Plaintiff in this action.

6.     Plaintiff Allen's claims are barred by the doctrine of judicial estoppel.

7.     Plaintiffs were exempt from the overtime provisions of the FLSA and WWPCL based on their status as an exempt automotive sales employees within the meaning of 29 U.S.C. § 213(b)(10)(A); 29 C.F.R. § 779.372; and Wis. Admin. Code. § DWD 274.04(7).

8.     Plaintiffs may not maintain this action as a class or collective action because Plaintiffs are not similarly situated to any other current or former employee of Defendant for purposes of the allegations and claims made in this lawsuit.

9.     To the extent membership in Plaintiffs' FLSA Collective Classes and/or Wisconsin Classes depends upon the validity of the putative class members' claims, Plaintiffs have plead improper, inappropriate, and impermissible fail-safe classes.

10.    The Amended Complaint is barred in whole, or in part, by all applicable statutes of limitation, including, but not limited to, 29 U.S.C. § 255 and Wis. Stat. § 893.44.

11.    Plaintiffs are estopped from pursuing the claims set forth in the Amended Complaint by reason of their own acts, omissions, and courses of conduct, including, but not limited to, their failure to accurately record and report their time as required by Defendant.

12.    Plaintiffs are barred from pursuing some, or all of their claims or remedies by the doctrine of laches and/or unclean hands.

13.    Plaintiffs are precluded from recovering any amounts from Defendant where Defendant paid them all sums legally due under the FLSA and Wisconsin law.

14.    Any acts or omissions that may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing Defendant was in full compliance with the FLSA. As such, the statute of limitations can be no longer than two (2) years under the FLSA. 29 U.S.C. § 255(a).

46

15. Some, or all, of the disputed time for which Plaintiffs allege they are due compensation involves wages purportedly owed for time that is not compensable under the *de minimis* doctrine.

16. Plaintiffs may not recover liquidated damages because (i) Defendant (including its officers, managers, and agents) acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA or Wisconsin law; (ii) Defendant (including its officers, managers and agents) did not authorize or ratify any willful violation with respect to Plaintiffs; and (iii) Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

17. To the extent Plaintiffs are entitled to damages, Defendant is entitled to a credit for, or set off against, amounts overpaid to them in the course of their employment, as well as a credit for overtime and other premium payments already made to them.

18. The Amended Complaint is barred in whole, or in part because Defendant acted in good faith with respect to Plaintiffs' compensation.

19. The claims set forth in the Amended Complaint are barred in whole, or in part, by the doctrine of payment because (i) Defendant properly compensated Plaintiffs for all time worked in accordance with the FLSA and Wisconsin law, and (ii) Defendant paid Plaintiffs for additional time including, without limitation, premium payments as recognized under 29 U.S.C. §§ 207(e), (h) and Wisconsin law.

20. Plaintiffs are not entitled to compensation for hours they purportedly worked without Defendant's actual or constructive knowledge.

21. Defendant presently has insufficient knowledge or information to form a belief as to whether it may have additional, as yet unstated, affirmative or other defenses available.

Defendant reserves the right to assert additional defenses if discovery indicates they would be appropriate.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendant requests the Amended Complaint be dismissed with prejudice and that Defendant be awarded its costs, attorneys' fees, and any further relief the Court deems just and proper.

Dated this 30th day of December, 2019.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

s/ Keith E. Kopplin
Keith E. Kopplin
*WI State Bar No. 1044861*
Suzanne M. Watson
*WI State Bar No. 1079803*
Pabst Boiler House
1243 North 10th Street, Suite 200
Milwaukee, WI 53205
Telephone: 414.239.6400
Facsimile: 414.755.8289
keith.kopplin@ogletree.com
suzanne.watson@ogletree.com

**ATTORNEYS FOR DEFENDANT RUSS DARROW GROUP, INC.**

41163182.2