UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

KEOSHA HENDERSON and
FELICIA CROSS,
on behalf of themselves and
all others similarly situated,

      Plaintiffs,

    v.                                Case No. 19-cv-1421

RUSS DARROW GROUP, INC.

      Defendant

---

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS

---

NOW COME Plaintiffs, Keosha Henderson and Felicia Cross, on behalf of themselves and all others similarly situated, by and through their counsel, Walcheske & Luzi, LLC, and hereby respectfully Motion this Court for Approval of Attorneys' Fees and Costs on the grounds set forth herein and in the accompanying Declarations filed with this Court.

## INTRODUCTION

This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 216(b) by Plaintiffs, Keosha Henderson and Felicia Cross, on behalf of themselves and all other similarly situated current and former non-exempt Business Development Center Representatives of Defendant, Russ Darrow Group, Inc., for purposes of obtaining relief under the FLSA for unpaid overtime wages. (*See, generally,* ECF No. 25.)

## PLAINTIFFS' COUNSEL'S TIME AND EXPENSE LITIGATING THIS MATTER

In or around September 2019, counsel met with then Plaintiff Edwin Allen and began working on this matter. (Declaration of Scott S. Luzi ("Luzi Decl."), ¶ 9.) On September 30, 2019, the Firm filed the Complaint on behalf of Plaintiff Allen and all others similarly-situated. (ECF No. 1.) Thereafter, the Named Plaintiffs amended the Complaint, and Plaintiff Allen was dismissed as a named plaintiff. (ECF No. 25.) In the Second-Amended Complaint, Named Plaintiffs alleged that Defendant failed to properly classify hourly-paid employees as exempt for overtime compensation purposes. (Luzi Decl., ¶ 9.) Named Plaintiffs further alleged that Defendant failed to include all non-discretionary forms of compensation in hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes. (*Id.*)

On November 27, 2019, Defendant filed its motion to dismiss (ECF No. 8), and February 12, 2020, Defendant filed its Answer and Statement of Defenses to the Second Amended Complaint. (ECF No. 26.) Prior to joining issue, the parties' counsel had participated in a Rule 26(f) Conference and associated discussions, and jointly prepared a Rule 26(f) Conference Report. (ECF No. 14.) (Declaration of David M. Potteiger ("Potteiger Decl."), ¶ 9.)

On February 13, 2020, the parties filed their Stipulation for Conditional Certification and Authorization of Notice to Similarly-Situated Persons Pursuant to 29 U.S.C. § 216(b). (ECF No. 27.) On March 3, 2020, this Court approved the parties' stipulation. (ECF No. 28.)

On March 18, 2020, the Court Authorized Notice of Pendency of Lawsuit was served upon the putative collective members. (Potteiger Decl., ¶ 11.) The notice period concluded on April 17, 2020. (*Id.*) By the end of the Notice Period, eleven (11) individuals opted-in to the FLSA Collective, including Plaintiffs. (*Id.*)

Between April 24, 2020 and June 12, 2020, counsel for the parties communicated, corresponded, and engaged in substantive arms-length settlement negotiations with each other regarding legal authority relevant to Plaintiffs' cause(s) of action and Defendant's defenses. (*Id.* ¶ 12.) During this time, Counsel for the parties debated and analyzed their respective legal arguments and factual positions. (*Id.*)

On June 12, 2020, the parties ultimately concluded that the prospect of resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued discovery including, but not limited to, depositions, document review and production, and the filing of final certification, decertification, and dispositive motions. (Potteiger Decl., ¶ 13.)

Toward that end, Plaintiffs created detailed damages models and made monetary settlement calculations utilizing a methodology approved by the United States Department of Labor, *see e.g.* 29 C.F.R. § 778.209*,* to recalculate overtime compensation for the putative collective members. (Potteiger Decl., ¶ 13.) Further, the parties discussed other monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (*Id.*) Ultimately, the parties believe that the monetary settlement calculations agreed upon represent the putative class' overtime damages commensurate with the risk involved. (*Id.*)

Walcheske & Luzi, LLC (the "Firm") recognized that failure to succeed on some (or all) of the relevant legal issues – such as non-discretionary bonus arguments, final certification of the FLSA collective, Defendant's "good faith" affirmative defenses, and the "willfulness" requirement for a three-year statute of limitations – would likely result in material adverse effects on Plaintiffs' claims, if not bar recovery in total. (*Id.* at ¶ 14.) Even if Plaintiffs were to prevail on certification

motions, dispositive motions, and/or at trial, there was still the prospect that Defendant would appeal any number of the issues mentioned and only further delay any recovery for Plaintiffs. (*Id*.)

Between June 12, 2020 and July 22, 2020, counsel for the parties worked directly to draft and finalize the settlement agreement – the ultimate result of which is embodied as the parties' fully executed "Settlement Agreement and Release," ("Agreement" or "Settlement Agreement") which is attached as Exhibit 1 to the parties' Joint Motion for Approval of Settlement (ECF No. 41-1). (Potteiger Decl., ¶ 15.) As part of the settlement of this matter, Defendant has agreed to pay: (1) Plaintiffs service awards, each in the amount of $2,500.00; and (2) attorneys' fees and case-related costs and expenses to the Firm in the amount of $39,501.64. (ECF No. 41-1, ¶¶ 3.2(A) and 3.3(A); Potteiger Decl., ¶ 18.) Defendant has stipulated to appointing the Firm as class counsel, and Defendant has agreed not to object to Plaintiffs' requested service payment or the Firm's requested attorneys' fees and costs. (*Id.*)

On or about March 18, 2020, the Firm sent, via first class U.S. Mail, the parties' Notice form, titled "Court Authorized Notice of Pendency of Lawsuit" to prospective members of the FLSA Collective. (Potteiger Decl., ¶ 11.) On or about May April 17, 2020, the Notice Period closed. (*Id.*) In total, the firm filed completed Consent Forms on behalf of members of the FLSA collective as identified in ECF Nos. 29-1, 30-1, 31-1, 34-1, 35-1, and 37-1. By the end of the Notice Period, eleven (11) individuals opted-in to the FLSA Collective, including Plaintiffs. (*Id.*)

At the outset of the case, Defendant challenged any wage and hour violations and contested many of Plaintiffs' factual assertions and legal claims, including but not limited to whether Plaintiffs were non-exempt employees, whether bonuses and other compensation paid to Plaintiffs and the FLSA Collective were non-discretionary, whether collective certification was appropriate, the scope of employees who are similarly situated to Plaintiffs, whether "good faith" defenses

precluded liability or liquidated damages, and whether Defendant acted willfully such that a three-year statute of limitations was applicable. (Potteiger Decl., ¶ 16.) Even though the parties resolved these issues amicably, legally, strategically, and procedurally, this case warranted a substantial amount of work from the Firm including extensive written discovery and document review, motion practice, and damages calculations. (*Id.*) The Firm believes that it has litigated this matter effectively and efficiently to date, and it will continue to do so until the final conclusion of this matter. (Potteiger Decl., ¶ 17.)

### **PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND COSTS TO DATE**

To date, and as described and detailed herein, Plaintiffs' counsel's actual attorneys' fees ($41,440.00) and case-related costs and expenses ($1,208.20) spent litigating this matter respectively total approximately $42,648.20. (Potteiger Decl., ¶ 20.) To date, the Firm has devoted a total of approximately 103.6 hours litigating and resolving this matter: 85.7 hours by Attorney David M. Potteiger, (Potteiger Decl., ¶ 19), and 17.9 hours by Attorney Scott S. Luzi, (Luzi Decl., ¶ 10). The Firm will also continue expending any and all time and costs necessary litigating this case through its final conclusion (Potteiger Decl., ¶ 17.)

Plaintiffs' counsel believes that the requested attorneys' fees and costs in the total amount of $39,501.64 is in line with settlement awards in similar collective action cases under the FLSA and is a fair, reasonable, and representative amount of Plaintiffs' counsel's actual time and expense spent litigating this matter – which is actually *less* than the actual amount of time and costs that Plaintiffs' counsel spent litigating and resolving this matter to date, which totals approximately $42,648.20. (*Id.* at ¶ 21.)

Ultimately, Plaintiffs' counsel believe that they have achieved an excellent result for Plaintiffs and for the members of the FLSA collective, and that, to date, they have litigated this matter efficiently and effectively.

## ARGUMENT

Under the FLSA, successful Plaintiffs are entitled to reimbursement for their attorneys' fees and costs. 29 U.S.C. § 216(b).

Generally, courts undertake a three-part analysis when approving attorneys' fees and costs in FLSA collective action: (1) determining whether the plaintiff was a "prevailing party"; (2) determining a total amount to be awarded (i.e., the market price for similar legal services) using either "common fund principles"[1] or the "lodestar"[2] approach; and (3) determining whether the amount should be increased or decreased based on a variety factors, such as the plaintiff's degree of success obtained, the complexity of the case, and the public interest advanced by the litigation.[3]

While an award of attorneys' fees and costs in FLSA cases is mandatory, a district court has "wide latitude" in determining the amount of the fees and costs,[4] because the district court "is in the best position to determine the worth of the attorneys practicing before him." *Uphoff*, 176 F.3d at 407. For the reasons stated herein, Plaintiffs can be considered prevailing parties in this

---

[1] *See, e.g., Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 563-64 (7th Cir. 1994).

[2] The lodestar approach forms the "centerpiece" of attorneys' fee determinations, and it applies even in cases where the attorney represents the prevailing party pursuant to a contingent fee agreement. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Pickett*, 664 F.3d at 639.

[3] *See* the following collection of cases discuss the lodestar method: *Hensley v. Eckerhart*, 461 U.S. 424, 433, 436 (1983); *Schlacher v. Law Offices of Phillip J. Rotche Assocs.*, 574 F.3d 852, 856-57 (7th Cir. 2009); *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 595-97 (7th Cir.1999); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999); *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997); *Bankston v. Illinois*, 60 F.3d 1249, 1255 (7th Cir. 1995); *Garcia v. Oasis Legal Fin. Operating Co.*, 608 F. Supp. 2d 975, 977–78 (N.D. Ill. 2009).

[4] *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 406 (7th Cir. 1999); *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 945 (7th Cir.1997); *Bankston v. State of Ill.,* 60 F.3d 1249, 1254 (7th Cir.1995).

matter for purposes of attorneys' fees and costs, and the amount of attorneys' fees and costs sought by Plaintiffs herein are reasonable and should be awarded by this Court.

**I.      THE PARTIES' SETTLEMENT AGREEMENT PROVIDES FOR THE PAYMENT OF ATTORNEYS' FEES AND COSTS TO PLAINTIFFS' COUNSEL**

A "prevailing party" is a plaintiff who obtains a judgment or any other judicially sanctioned relief on the merits of the case. *See Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 603-04 (2001); *Johnson v. Daley*, 339 F.3d 582, 587, 609 (7th Cir. 2003). In addition to a judgment on the merits, "settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees." *Buckhannon*, 532 U.S. 598 at 603-04 (citing *Maher v. Gagne*, 448 U.S. 122 (1980)). Ultimately, enforceable judgments on the merits and court-ordered consent decrees create the "material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Buckhannon*, 532 U.S. 598 at 603-04.

Upon final approval of the parties' settlement by this Court, Plaintiffs will have obtained the necessary judicial relief such that this Court can approve Plaintiffs' counsel's unopposed and agreed-upon attorneys' fees and costs as stated in the parties' settlement agreement in the total amount of $39,501.64.

**II.     IN ACCORDANCE WITH THE PARTIES' SETTLEMENT AGREEMENT, PLAINTIFFS' COUNSEL MOTIONS THIS COURT FOR APPROVAL OF ATTORNEYS' FEES AND COSTS IN THE AMOUNT OF $39,501.64**

Generally, a court determines the market price for a lawyer's legal services via either "common fund principles"[5] or the "lodestar" method. Ultimately, and regardless of the method by

---

[5] *Florin*, 34 F.3d at 563-64 (noting that "common fund principles properly control a case which is initiated under a statute with a fee-shifting provision, but is settled with the creation of a common fund," and that, "when a case results in the creation of a common fund for the benefit of the plaintiff class, the common fund doctrine allows plaintiffs' attorneys to petition the court to recover its fees out of the fund."); *see also Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629 (7th Cir. 2011); *Sutton v. Bernard*, 504 F.3d 688, 694 (7th Cir. 2007); *Taubenfeld v. AON Corp.*, 415 F.3d 597 (7th Cir. 2005).

which a prevailing plaintiff petitions the court for an award of attorneys' fees and costs, the court "must do [its] best to award Counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001) (*"Synthroid I"*); *see also In re Synthroid Mktg Litig.*, 325 F.3d 974, 975 (7th Cir. 2003) (*"Synthroid II"*); *Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, 957 (7th Cir. 2013); *Steinlauf v. Cont'l Illinois Corp.*, 962 F.2d 566, 572-73 (7th Cir. 1992) (stating, "Class Counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client").

Here, Plaintiffs motion this Court for an award of attorneys' fees and costs via the lodestar method – which is determined by calculating the lawyer's reasonable hourly rate multiplied by the lawyer's hours reasonably expended on the case. *Hensley*, 461 U.S. at 433-37; *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012); *Pickett v. Sheridan Health Care*, 664 F.3d 632, 640–43 (7th Cir. 2011); *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007); *Uphoff*, 176 F.3d at 407; *Bankston v. Illinois*, 60 F.3d at 1255.

### A. Plaintiffs' Counsel's Hourly Rates of $400.00 for Attorneys Luzi and Potteiger Are Reasonable

A "reasonable" hourly rate reflects the "market rate" for the attorney's services. *Pickett*, 664 F.3d at 640; *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003); *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir.1996). The market rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Spegon*, 175 F.3d at 555; *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 519 (7th Cir. 1993). An attorney's actual billing rate for comparable work or similar litigation is appropriate to use as the market rate. *Pickett*, 664 F.3d at 640; *Denius*, 330 F.3d at 930; *Small*, 264 F.3d at 707; *People Who Care*, 90 F.3d at 1310; *Uphoff*, 176 F.3d at

407. Ultimately, a fee applicant need only offer third party affidavits attesting to comparable billing rates to meet her burden. *Pickett*, 664 F.3d at 641; *Spegon*, 175 F.3d at 556.

Here, the actual billing rates of Plaintiffs' counsel, Attorneys Scott S. Luzi and David M. Potteiger, during this case were $400.00 per hour – which is counsel's customary hourly rate for work performed on employment law cases, including but not limited to collective cases litigated under the FLSA. (Potteiger Decl., ¶¶ 7-8; Luzi Decl., ¶¶ 7-8.) These hourly rates have been previously approved by this District in other FLSA matters as reasonable. *See, e.g., Slaaen, et al. v. Senior Lifestyle Corporation, et al.,* 18-cv-1562 (E.D. Wis. October 3, 2018) (Stadtmueller, J.); *Eckstein v. St. Paul Elder Services, Inc.,* 19-cv-945, ECF No. (E.D. Wis., June 28, 2019); *Clark v. Brunswick Corp.,* No. 19-cv-141, ECF No. 44 (E.D. Wis., May 22, 2020) (Griesbach, J.); *Doberstein v. East Wisconsin Savings Bank*, No. 18-cv-1931, ECF No. 35 (E.D. Wis., November 26, 2019) (Griesbach, J.); *Johnson v. National Technologies, Inc.*, No. 18-cv-462, ECF No. 57 (E.D. Wis., July 22, 2019) (Jones, J.).

Further, Plaintiffs' counsel's hourly rates of $400.00 are reasonable because they are similar to the market rates that other attorneys of similar abilities and experiences in the community normally charge their paying clients for similar services and types of work. (*See* Declaration of Summer Hart Murshid, ¶ 6; Declaration of Larry A. Johnson, ¶ 6.)

### B. Plaintiffs' Counsel's 103.6 Total Hours Spent Litigating This Matter to Date Are Reasonable

Plaintiffs' counsel believes that they have litigated this matter efficiently and effectively on behalf of the all members of the FLSA Collective, including Plaintiffs, and believe that the approximately 103.6 total hours spent litigating this matter are reasonable: 85.7 hours by David M. Potteiger, (Potteiger Decl., ¶ 19), and 17.9 hours by Attorney Scott S. Luzi. (Luzi Decl., ¶ 10.)

First, and as described and detailed herein, this case's substantive and procedural aspects made it sufficiently complex and time-consuming to warrant the time expended by Plaintiffs' counsel to achieve the ultimate resolution. Plaintiffs' counsel believes that they have acted reasonably in litigating this matter and did not unnecessarily create delay or increase costs. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

Second, Plaintiffs' counsel's requested $39,501.64 in attorneys' fees and costs is actually *less* than the actual amount of time and costs that Plaintiffs' counsel has spent litigating and resolving this matter to date, which respectively total $41,440.00 and $1,208.20, for a total of approximately $42,648.20. (Potteiger Decl., ¶ 20.)

Third, Plaintiffs' counsel's work in this case has not concluded. Upon final settlement approval by this Court, Plaintiffs' counsel will engage in any and all activities and work necessary to conclude the case including communicating with opposing counsel, Named Plaintiffs, and putative FLSA Collective members, as well as disbursing funds. (Potteiger Decl., ¶ 17.)

Fourth, Plaintiffs' counsel believes that they have negotiated an excellent result for Plaintiffs and for the members of the FLSA Collective because the monetary amounts Defendant has agreed to pay to Plaintiffs and the FLSA Collective compensates these individuals for representative and proportionate amounts of monetary damages alleged in this matter. (*See* ECF No. 41-1.) Plaintiffs' counsel believes that the amount of time counsel expended in litigating this matter significantly contributed to its ultimate and successful resolution for Plaintiffs and the members of the FLSA Collective.

Fifth, settlement payments to Plaintiffs and the members of the FLSA Collective will not, in any way, be adversely affected by approval of attorneys' fees and costs in the amount of $39,501.64. Settlement payments to members of the FLSA Collective were negotiated and

calculated separately from that of Plaintiffs' counsel's attorneys' fees and costs. (ECF No. 41-1, ¶ 3.2(A).) Thus, an award of attorneys' fees and costs by this Court in the amount of $39,501.64 to Plaintiffs' counsel will not be at the expense of any member of the FLSA Collective because compensation to said collective or class members will not increase or decrease depending on the amount of attorneys' fees and costs awarded to Plaintiffs' counsel. Rather, Defendant has agreed to pay the amount of attorneys' fees and costs awarded to Plaintiffs' counsel by this Court directly to Plaintiffs' counsel. (ECF No. 41-1, ¶ 3.2(A).)

Finally, Defendant does not oppose or dispute Plaintiffs' Motion for Approval of Attorneys' Fees and Costs in the total amount of $39,501.64. (ECF No. 41-1, ¶ 3.2(A).)

### C. Plaintiffs' Counsel's Costs in the Amount of $1,208.20 To Date Are Reasonable

In the furtherance of the litigation and resolution of this matter, Plaintiffs' counsel spent a total amount of $1,208.20 in necessary costs in this matter, including but not limited to expenses relating to: filing fee(s); postage; and costs and expenses related to sending the Notices to members of the FLSA Collective and Rule 23 Class. (Potteiger Decl., ¶ 20.) Plaintiffs' counsel believes that the total amount of costs expended in this matter was necessary in furtherance of the litigation and resolution of this matter, and that inclusion of the approximately $1,208.20 in costs in the requested $39,501.64 of attorneys' fees and case-related costs and expenses award is fair and reasonable.

### III. THE ATTORNEYS' FEES AND COSTS SOUGHT BY PLAINTIFFS SHOULD NOT BE ADJUSTED

In limited circumstances, "once the lodestar amount is calculated, it may be adjusted." *Johnson*, 668 F.3d at 929; *Pickett*, 664 F.3d at 640–43. Courts can adjust the loadstar amount (either up or down) based upon the complexity of the case, the plaintiff's degree of success, the proportionality of the lodestar to the damages recovered, and the public interest advanced by

the litigation. *Schlacher*, 574 F.3d at 856-57 (citing *Connolly*, 177 F.3d at 597); *Strange*, 129 F.3d at 946.

However, courts cannot arbitrarily award fees based upon a gut reaction; a court must provide a clear and concise explanation of its award. *Schlacher*, 574 F.3d at 857; *Small*, 264 F.3d at 708; *In re Cont'll Ill. Sec. Litig.*, 962 F.3d 566, 570 (7th Cir. 1992). Further, it is inappropriate for a court to "eyeball" a fee request and cut it down by an arbitrary percentage because it seemed excessive. *See Schlacher*, 574 F.3d at 857; *Spellan v. Bd. of Educ.*, 59 F.3d 642, 646-47 (7th Cir. 1995) (citing Tomazzoli v. Sheedy, 804 F.2d 93, 97 (7th Cir. 1986)).

Here, Plaintiffs' counsel's petition for approval of attorneys' fees and case-related costs and expenses in the total amount of $39,501.64 constitutes a voluntary reduction of its actual fees and costs in this case. Plaintiffs' counsel believes that an award of $39,501.64 is fair and reasonable, and it should not be adjusted by this Court. The members of the FLSA Collective received an excellent result in this matter, which was a result of Plaintiffs' counsel's time spent litigating and resolving this matter. Litigating and favorably and fairly resolving FLSA Collective's claims also advances the public interest. *See Schlacher*, 574 F.3d at 856-57 (citing *Connolly*, 177 F.3d at 597); *Strange*, 129 F.3d at 946.

## **CONCLUSION**

For all of the reasons stated herein, Plaintiffs respectfully request that this Court grant their Motion for Approval of Attorneys' Fees and Costs in the total amount of $39,501.64.

Dated this 21st day of August, 2020

                                                WALCHESKE & LUZI, LLC
                                                Counsel for Plaintiffs

                                                s/ *David M. Potteiger*
                                                James A. Walcheske, State Bar No. 1065635
                                                Scott S. Luzi, State Bar No. 1067405
                                                David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com