UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEOSHA HENDERSON and FELICIA CROSS, <br><br> Plaintiffs, <br><br> v. <br><br> RUSS DARROW GROUP, INC., <br><br> Defendant. | Case No. 19-CV-1421-JPS <br><br><br> **ORDER** |

In September 2019, this action was brought alleging violations of both the Fair Labor Standards Act ("FLSA") and Wisconsin's Wage Payment and Collection Laws ("WWPCL").[1] (Docket #1). Throughout the course of this litigation, Plaintiffs filed two amended complaints in this action, and Defendant answered the same. (*See* Docket #13, #20, #25, #26). On February 13, 2020, the parties filed a stipulation for conditional certification of the FLSA collective and authorization of notice to similarly situated persons, pursuant to 29 U.S.C. § 216(b). (Docket #27). The Court adopted that stipulation, conditionally certifying the class and authorizing Plaintiffs' counsel to issue their proposed notice. (Docket #27-1, #28).

In June 2020, the parties notified the Court that they agreed to settlement, in principle, and sought an adjournment of the remaining deadlines in this matter. (Docket #39). On August 21, 2020, the parties filed the following with the Court:

---

[1]The parties have not sought certification of a Rule 23 Class, pursuant to Federal Rule of Civil Procedure 23, nor issued notice to a proposed Rule 23 Class. Thus, Plaintiffs have not effectively brought their WWPCL claims on a class-wide basis.

(1) a joint stipulation, for purposes of settlement, to certify the collective action pursuant to 29 U.S.C. § 216(b), to designate Plaintiffs' counsel as collective class counsel, and to designate the named plaintiffs, Keosha Henderson and Felicia Cross, as collective class representatives (Docket #40);

(2) a joint motion for settlement approval (Docket #41);

(3) Plaintiffs' unopposed motion for approval of service awards to the named plaintiffs (Docket #43); and

(4) Plaintiffs' unopposed motion for approval of attorneys' fees and costs (Docket #44).

On February 22, 2021, the parties' counsel confirmed that this matter was ready for final settlement, (i.e., it did not require the Court's preliminary approval of settlement or a fairness hearing). (Docket #50).

Private FLSA settlements require court approval. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). "A one-step settlement approval process is appropriate in FLSA collective actions." *Hueberger v. Smith*, Case No. 3:16-CV-386 JD, 2019 WL 3030312, at *2 (N.D. Ind. Jan. 4, 2019) (internal quotations and citation omitted).[2] *See also* Ellen

---

[2] Some district courts have refused to approve a one-step settlement if the opt-in plaintiffs were not notified of the settlement or given an opportunity to object thereto. *See, e.g.*, *Tommey v. Comput. Scis. Corp.*, No. 11-CV-02214-EFM, 2015 WL 1623025, at *1 (D. Kan. Apr. 13, 2015). However, in *Hueberger*, 2019 WL 3030312, at *2–*4, the court approved a one-step FLSA settlement, even though there was no settlement notice to the opt-in plaintiffs or a time period in which they could object. The court found that "the parties supported the settlement agreement" because (1) the opt-in plaintiffs were already issued notices explaining that they would be bound by any settlement and (2) they vested the named plaintiff with settlement authority. *Id.* at *3, *7 n.2. Here, the notice issued after conditional class certification made clear that by joining this action, the opt-in plaintiffs would "be bound by any ruling, judgment, award, or settlement . . . ." (Docket #27-1). Further, the "Consent to Join" forms that all opt-in plaintiffs

C. Kearns, et al., BNA, *The Fair Labor Standards Act*, § 18.VI.A.I. (4th ed. 2020) ("In settlements of FLSA collective action claims that present no resolution of state law wage and hour claims under [Federal] Rule [of Civil Procedure] 23, most courts conclude that a fairness hearing is not required.").

The Court has reviewed the parties' motions and their Settlement Agreement and determines that the settlement is a fair and reasonable resolution of a *bona fide* FLSA dispute. Therefore, the Court will adopt the parties' joint stipulation to certify a collective action pursuant to 29 U.S.C. § 216(b). (Docket #40). It will also grant: (1) the parties' motion to approve the settlement, (Docket #41); (2) Plaintiffs' unopposed motion for approval of service award, (Docket #43); and (3) Plaintiffs' unopposed motion for attorneys' fees and costs, (Docket #44). Further, the Court will dismiss with prejudice the Eligible Members' (as defined in the Settlement Agreement) FLSA and WWPCL claims, and will further dismiss without prejudice the FLSA and WWPCL claims of the Excluded Members (as defined in the Settlement Agreement). Finally, in light of the foregoing, the Court will dismiss this action.

Accordingly,

**IT IS ORDERED** that the parties' joint stipulation to certify the collective action, for purposes of settlement, pursuant to 29 U.S.C. § 216(b) (Docket #40) be and the same is hereby **ADOPTED**;

---

submitted to the Court explained that by signing, they were authorizing the named plaintiffs "to make decisions on [their] behalf concerning this litigation . . . ." (*See, e.g.*, Docket #29). In light of the foregoing, the Court finds that there are no obstacles to its final approval of settlement, as the opt-in plaintiffs have been notified of potential settlement of this matter and have given the named plaintiffs authority to settle the same on their behalf.

**IT IS FURTHER ORDERED** that the FLSA Collective is defined as follows (Docket #40 at 2):

> All 11 current and former hourly paid, non-exempt Business Development Center Representatives employed by Defendant Russ Darrow Group, Inc., during the applicable limitations period who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's alleged failure to properly classify said employees as non-exempt for overtime calculation purposes, and/or alleged failure to include all non-discretionary payments in the calculation of said employees' regular rate for overtime calculation purposes, who have consented to join this lawsuit pursuant to this Court's prior orders.

**IT IS FURTHER ORDERED** that the parties' joint stipulation to designate Walcheski & Luzi, LLC as class counsel for the FLSA Collective (Docket #40) be and the same is hereby **ADOPTED**; the law firm of Walcheski & Luzi, LLC be and the same is hereby **APPOINTED** as Class Counsel of the FLSA Collective;

**IT IS FURTHER ORDERED** that the parties' joint stipulation to designate named plaintiffs Keosha Henderson and Felicia Cross as class representatives for the FLSA Collective (Docket #40) be and the same is hereby **ADOPTED**; Keosha Henderson and Felicia Cross be and the same are hereby **APPOINTED** as Class Representatives of the FLSA Collective;

**IT IS FURTHER ORDERED** that Plaintiffs' unopposed motion for approval of their respective service awards, each in the amount of $2,500.00, (Docket #43) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for approval of attorneys' fees and costs in the amount of $39,501.64 (Docket #44) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the parties' joint motion for approval of settlement (Docket #41) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the parties' Settlement Agreement (Docket #41-1) be and the same is hereby **APPROVED** as a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

**IT IS FURTHER ORDERED** that:

1. Defendant's counsel are instructed to provide Class Counsel with settlement checks for the Eligible Members within fourteen (14) calendar days of this Order;

2. Class Counsel are instructed to send the settlement checks to the Eligible Members via U.S. Mail following receipt of the settlement checks from Defendant's counsel;

3. The Eligible Members have one-hundred and twenty (120) days to cash their individual settlement checks, otherwise any uncashed, individual settlement checks will revert to and be retained by Defendant;

4. The Eligible Members' released claims under the Fair Labor Standards Act and Wisconsin's Wage Payment and Collection Law be and the same are hereby **DISMISSED with prejudice**;

5. The Excluded Members' claims under the Fair Labor Standards Act and Wisconsin's Wage Payment and Collection Laws be and the same are hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of March, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge